(124 So. 282)

## PEDEN v. STATE.   (8 Div. 801.)

Court of Appeals of Alabama.   June 18, 1929.

Rehearing Denied June 29, 1929.

Jas. C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. ▆ The first count of the indictment was as follows:

"The grand jury of said county charge that, before the finding of this indictment:

"Boss Peden did falsely pretend to Margaret Risner with intent to defraud, that Wes Peden was an officer of Lauderdale County, Alabama, with authority to collect fines for violations of the law and by means of such false pretense obtained from the said Margaret Risner $40.00 lawful money of the United States of America against the peace and dignity of the State of Alabama."

This indictment follows the form laid down in the Code (Code, § 4556, form 598) and is not subject to any of the grounds of demurrer assigned.

▆ The evidence for the state tended to prove the state's case as laid in the indictment, and while the evidence was in conflict, the question of guilt vel non was for the jury. There was no error in refusing the defendant the general charge as to count one.

▆ Motions for continuances are addressed to the sound discretion of the trial court, and his rulings on this question will not be disturbed unless this court is convinced that the discretion has been abused to such extent as to deny to defendant a fair and impartial trial.

▆ The court should always allow full cross-examination of a witness, but in this much must be left to the discretion of the court, and where it appears that the questions are being repeated and have already been answered, the court will not be put in error for placing a limit on a cross-examination which appears to be for the purpose of confusing the witness, rather than for the purpose of obtaining evidence. The question asked in this connection was: "Haven't you already said it was Wes (Peden) that said that?" If the witness had already said it was Wes, the jury would know it; and if she had not said it, the question assumed something not true, which is not permissible.

▆ While this defendant and his two brothers were under charge before a justice of the peace for the crime here charged and before the preliminary trial before the justice of the peace, the state was permitted to prove a conversation between the defendant and his two brothers in which one of them said, "If they would shave their beards off and leave the mustache grow out the old lady would not recognize them." This was a statement tending to admit guilt and as such was admissible. It was shown by the evidence that the party injured, and who was the identifying witness for the state, was an old lady whose eyesight was impaired. Under the facts the natural inference to be drawn from the conversation was an allusion to the crime here charged and an effort to escape identification.

▆ The defendant's objections to questions asked state's witness Nash were all sustained by the court. There is nothing regarding these questions for this court to pass upon.

▆ The evidence for the state tended to prove that this defendant and his two brothers obtained from Mrs. Risner, the injured party, four $10 bills. It was relevant, as a circumstance tending to connect defendant with the crime, that he and his two brothers were seen the evening of the crime, at a filling station in the same car and that one of them paid for a casing with a $10 bill. The circumstance, though slight, is admissible.

The objections and motions of defendant relative to the arguments of the solicitor were all sustained by the court, which leaves us nothing to review.

The other exceptions are without merit.

Motion for new trial was properly overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.