328 So.2d 650
**Leroy Anthony WRIGHT, alias**

**v.**

**STATE.**

**3 Div. 392.**

Court of Criminal Appeals of Alabama.

Feb. 3, 1976.

Rehearing Denied March 9, 1976.

Frederick T. Enslen, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent here, appeals from a judgment of conviction for robbery. Sentence imposed was thirty-five years imprisonment in the penitentiary.

We will consider seriatim appellant's three assertions of error, which he contends justify reversal of the judgment and remand of the cause.

I

Appellant's first assertion is that he was put into the position of making a decision in open court as to whether the jury would be allowed to separate without assurance that his decision, whatever it might be, would not reach the jury.

In support of this assertion appellant cites *Mitchell v. State,* 244 Ala. 503, 14 So.2d 132(2), where it appears that the jury in a capital case was allowed to separate with defendant's consent, but without defendant and his counsel being assured their response would not reach the jury. The court observed:

"* * * But it does appear to have been in open court and does not appear the defendants and counsel were assured their response would not reach the jury."

Certain observations then follow with respect to capital and non-capital cases. An assurance to the defendant that his response would not reach the jury was not included.

Furthermore, it appears that *Mitchell* was decided on June 3, 1943, rehearing denied on June 30, 1943. Following this decision, the legislature enacted Act No. 384, approved July 8, 1943 (after *Mitchell*). This Act was effective in Montgomery County when the instant case was tried. See Acts 1943, p. 358, Title 30, Chapter 7, § 97(1).

This Act permits the separation of juries in felony cases, whether capital or non-

capital, with consent of the accused and the prosecuting attorney given in open court, whether the jury has retired or not. No requirement appears in this Act that the defendant and his counsel be assured their response would not reach the jury. The conversation in the instant case about the jury separating was not in the presence of the jury.

We hold that in the instant case no such assurance was required and the absence thereof was not error.

## II

Appellant next contends that "the jury was allowed to separate and evidence was introduced to the effect that one juror talked with one of the state's witnesses."

Act No. 384, supra, provided that a separation so permitted shall not create a presumption of prejudice to the accused, but on the contrary it shall be prima facie presumed that the accused was not prejudiced by reason of the separation of the jury.

The evidence or testimony of the juror who conversed with the witness, adduced on a motion for a new trial, shows that the case was not mentioned between them.

The prima facie presumption that the accused was prejudiced, prevailing in some jurisdictions, has no application here. There was no evidence that defendant was prejudiced by the separation. The burden of proof was on defendant, under the Act, to establish such prejudice.

## III

Appellant in his third assertion of error says that "the State, through a witness, twice brought in testimony to the effect that Appellant sold heroin to another party who was not present at the trial. This was put in evidence soley (sic) for the purpose of prejudicing Appellant and destroying his right to a fair trial. * * *"

Officer Gandy was a witness for defendant. On cross-examination, the State's attorney questioned him as follows:

"Q. And did Jeff say Leroy and Jeff had some dealings together?

"A. Yes, sir.

"Q. Now, when you got back to Montgomery, did you confront Leroy with this?

"A. Yes, I did.

"Q. Did Leroy admit that he knew Jeff's name all along?

"A. Yes, sir; he said he knew him.

"Q. Did he say he had had dealings with him before?

"A. Yes, sir. He said he had sold him heroin.

"MR. CRUSE: Objection and move for a mistrial. That is highly prejudicial.

"MR. HANEY: It was their conversation, Your Honor, that he brought out at the Police Station."

The answer, "Yes, sir" to the last question, supra, was responsive to the question. The other statement "He said he had sold him heroin", was volunteered.

It is to be noted that the objection was made after the answer. The objection was too late. *Embrey v. State*, 283 Ala. 110, 214 So.2d 567(6); *Lucky v. State*, 50 Ala.App. 324, 278 So.2d 772(4).

There was no motion to exclude or strike the volunteered answer. *Willingham v. State*, 261 Ala. 454, 74 So.2d 241(8); *Massey v. State*, 49 Ala.App. 341, 272 So. 2d 267(3).

It appears that the State recalled Officer Gandy, and propounded other questions and obtained answers. One question and objection was:

"Q. Well, let me ask you, when you came back and talked to him, did he men-

tion anything about selling heroin to Jeff?

"MR. CRUSE: Objection.

"THE COURT: Sustained."

 There is nothing for this court to review. Objection was sustained. *Peden v. State*, 23 Ala.App. 264, 124 So. 282(8); *White v. State*, 40 Ala.App. 378, 114 So.2d 325(2); *Crouch v. State*, 53 Ala.App. 261, 299 So.2d 305(2).

We find no prejudicial error in the record. The judgment is affirmed.

The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.