TYSON, Judge.
Larry Whitson was charged by indictment with the first degree burglary of the inhabited dwelling house of Johnny M. Harris. The jury found the appellant guilty of first degree burglary as charged in the indictment. The trial court then sentenced the appellant to twenty-five years imprisonment in the penitentiary. The appellant filed a motion for new trial challenging the weight and sufficiency of the evidence and also the admission into evidence of certain evidence with reference to fingerprint identification. This motion was overruled.
Johnny M. Harris testified that he and his wife resided on Taylor Street at Route 8, Box 8, in Dolomite, in Jefferson County on April 14-15, 1978. Mr. Harris stated that he was a radio and TV repairman and had a room off the rear of the home in which he brought radios' and television for work. He gave a description of his home and stated that he locked it on the night of Friday, April 14, 1978, and that he and his wife retired shortly after 9:00 p. m. He stated that he was awakened shortly after 2:00 in the morning by his wife screaming, and stated that someone was in the house. Mr. Harris got up and looked down the hall and saw a man running toward the rear of the house. He stated that he followed the man and noticed that he was tall and slender but that he only saw him from the rear.
Mr. Harris stated that he and his wife went next door to his brother’s home and telephoned the police and then peered out the door toward his home and noticed two men peering around his home from the back yard. Mr. Harris stated that he called to them and then walked over and stated there was no use in their running because he had already telephoned for the officers and for them to stay right there. One man looked at him and then began to run down the driveway toward Taylor Street and disappeared. The other man, who he positively identified in open court as the appellant, remained in the yard until the officers arrived. Larry Whitson was positively identified in court as the man observed in Mr. Harris’ back yard between 2:00 and 2:30 a. m.
Mr. Harris stated that he found a portable Magnavox and also a portable Philco television sitting on the grass just outside a window which had been broken, and that there was broken glass on the ground and also inside the house. Mr. Harris stated he had between 20 and 25 television sets in his repair room at the time of the burglary. Mr. Harris indicated on cross-examination that the party he saw running down the hall was taller than himself and slender. He stated the other man was short and this was the man who ran down the drive and disappeared. He stated that when the officers arrived, he assisted them in loading the two television sets into the trunk of the officer’s ear so they could be checked for fingerprints.
Mr. Harris stated that his brother did automobile repair work and sometimes would leave an automobile in his back yard. Their homes were next door to each other.
Mrs. Thelma L. Harris stated that she was the wife of Johnny Harris and resided with him on April 14 — 15, 1978, at Route 8, Box 8, Dolomite, in Jefferson County, Alabama. Mrs. Harris indicated that she and her husband retired shortly after 9:00 and she got up at about 2:00 in the morning to go to the bathroom and heard a noise which startled her and then saw a man running down the hall. Mrs. Harris stated she screamed and called her husband and wakened him and that he too saw a man disappear into the back room of the house and that this man was tall and slender. Mrs. *MCXC Harris stated that he was wearing light blue bell bottom pants.
Mrs. Harris indicated that she and her husband went to her brother-in-law’s home and there telephoned the officers and then she watched from the door of her brother-in-law’s home when her husband called to two men they saw standing in their back yard. One of these men was short and the other tall and slender. Mrs. Harris positively identified in court the appellant, Larry Whitson, as being one of the two men who was standing in their back yard between 2:00 and 2:30 a. m. on the early morning of April 15, 1978.
On cross-examination Mrs. Harris indicated that she did not see the man’s face as he ran down the hall and into the back of their home. She stated that the room in the rear was where her husband kept radio and television sets that he worked on and that her husband was a TV and radio repairman.
Mrs. Harris indicated that one of the two men she noticed in the back yard was short and stocky while the other was tall and slender. She stated that there was a light on in both the front and rear of the home and that it was a bright moonlit night and she saw the man clearly standing in the back yard and that this man was the appellant.
Officer John W. Butler stated that on the night of April 14-15, 1978, he was on patrol with the Jefferson County Sheriff’s Department with fellow officer, Graig Carr. The two men responded to a call at Route 8, Box 8, in the Dolomite community. The two officers drove up in the driveway and to the rear of the house and there found Mr. and Mrs. Harris, Mr. Harris’ brother and another man who they determined was the appellant, Larry Whitson, standing in the back yard, talking.
Officer Butler stated that the appellant was dressed in blue jeans with light blue bell bottom type pants and a jacket. He stated that he noticed a cut on the appellant’s hand and that there was some broken glass on the ground below a window. He stated there were two portable television sets on the ground and that these were taken to the Sheriff’s Department for examination for fingerprints.
On cross-examination Officer Butler stated he did not detect the odor of alcohol on anyone’s breath at the time he made his arrest of the appellant in the yard of the Harris home.
Jefferson County Sheriff Sergeant C. L. Walden stated that he was investigating an alleged burglary which occurred at Route 8, Box 8, Dolomite, on Monday, April 17, 1978. The officer indicated that he went to the Harris home and there found a number of pieces of broken glass beneath the window on the ground in the rear of the home and also some pieces inside. He stated that he was able to lift enough pieces of glass that he brought them back to the Identification Bureau and had them dusted for fingerprints tests.
Sergeant Walden stated that he was able to lift a group of fingerprints which he identified as State’s Exhibit 1, an envelope, and 2 through 12 were the prints taken from the bits of glass. These were turned over to Mrs. Medlock at the Identification Department.
Mrs. Alice Medlock stated she was fingerprint technician for the Jefferson County Sheriff’s Department and received some prints from Sergeant Walden which were known to be those of Larry Whitson.
Mrs. Medlock stated that she was presented with a group of fingerprints identified as State’s Exhibit 13, which were known to be the prints made of the appellant. She stated that the print from the right middle finger of those lifted from the glass matched the right middle finger print received and identified to her as being the print of Larry Whitson.
On cross-examination Mrs. Medlock stated she had been trained for four and a half years with the F.B.I. in fingerprint identification and had been with the Sheriff’s Department for over eight years doing this same type of work. She stated that normally eight points of identification was sufficient and that she had found a number of *MCXCI points of identification which enabled her to make the determination that the prints found on the glass matched those of the appellant.
Sergeant Floyd Davis, Jr., stated that he was on duty at the Jefferson County Jail on April 20,1978. He stated that he examined State’s Exhibit 13 and determined these were a set of prints which he made of the appellant Larry Whitson at that time.
Following the close of the State’s evidence, the appellant made a motion to exclude the State’s evidence. The case was then submitted to the jury without the appellant presenting any evidence in his behalf or testifying at trial. There was no exception to the oral charge of the court.
I
The appellant contends that the State failed to prove a prima facie case of burglary in the first degree. We do not agree with the appellant’s contention. Here the State through the testimony of Mr. and Mrs. Harris established that the rear window of their home had been broken out and two television sets removed from the workshop in the room in the rear of the home and were on the ground outside the home. Further, broken glass was both inside the house and on the ground on the outside. While neither Mr. or Mrs. Harris could positively identify the appellant as having been seen inside their home, nevertheless he was identified positively in court by both Mr. and Mrs. Harris as standing in the back yard of their home shortly after 2:00 a. m. after they went next door and telephoned for the police.
Moreover, a cut was noticed on the appellant’s hand and fingerprints taken on Monday, from the glass, found at the home following the breaking in early Saturday morning were determined to match the prints of the appellant. This was done through the expert testimony of the fingerprint technician from the Jefferson County Sheriff’s Department.
The State had laid a proper predicate for the admission of Mrs. Medlock’s testimony as well as the two officers who made the prints, Sergeant Walden and Sergeant Davis. A proper predicate was laid in establishing Mrs. Medlock’s qualifications as well as those of the two officers. This testimony was properly admitted by the trial court for consideration by the jury, together with all other circumstances, on the question of the appellant’s guilt. Little v. State, Ala.Cr.App., 357 So.2d 379 (1978), Cummings v. State, Ala.Cr.App., 356 So.2d 779 (1978), and Scruggs v. State, Ala.Cr. App., 359 So.2d 836, cert. denied 359 So.2d 843 (1978) and authorities cited in the foregoing cases.
We have carefully examined this record and find same to be free of error. The judgment is therefore affirmed.
AFFIRMED.
All the Judges concur.