BOWEN, Judge.
The defendant was indicted and convicted for the first degree murder of fourteen year old William Harris. Sentence was life imprisonment. At trial the defendant was represented by retained counsel. The defendant was well represented on appeal by different counsel appointed by the court.
I
At trial, the defendant challenged the sufficiency of the evidence by a motion to exclude and a written request for the affirmative charge. Both were properly refused.
On Sunday morning, May 20, 1979, the defendant’s wife, Lenora Ragland, sent her brother, Roland Safford, and his friend, William Harris, to look for the defendant and ask him for her “flip-flops.” The two boys found the defendant with some of his friends and an argument ensued. The boys left and returned to the defendant’s home.
Safford testified that a short time later he saw the defendant standing outside the apartment and saw him shoot into the apartment. The single shot struck and killed Harris.
The defendant turned himself in to the police. When Safford saw the defendant at City Hall, Safford stated that the defendant told him, “I meant to kill both of you son of bitches.”
The defendant testified in his own behalf and stated that he intended to kill Safford when he deliberately fired his pistol into the apartment. Although there was some evidence that Safford had a pistol and threatened the defendant, there is no evidence that would justify a finding that the defendant acted in self-defense.
From this brief statement of the facts it can be observed that there was sufficient evidence from which the jury could find the defendant guilty of murder in the first degree.
II
The trial judge did not err in admitting the defendant’s confession into evidence. During the hearing out of the presence of the jury, Captain Remer was not questioned on whether or not anyone in his presence made any inducement, offered any reward or any type of promise to the defendant in order to get him to make a statement. However, the State did prove that no one offered the defendant any reward or hope of reward in laying the volun-tariness predicate before the jury. Any element of the voluntariness predicate absent when the issue was presented to the judge was supplied when the voluntariness issue was presented to the jury. “If evi- *899 denee is admitted without required preliminary proof, if followed by such proof or predicate, the error is cured.” Lockett v. State, 218 Ala. 40, 43, 117 So. 457 (1928).
The only objection to the confession was, “It’s inadmissible on its face. He wasn’t given all of his rights.” The State proved beyond question that the defendant was given each of the constitutional rights required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Our review of the record convinces us that there was a proper predicate for the admission'of the confession.
Ill
The defendant contends that the trial judge’s statement to the jury in his oral charge that “If you are satisfied from the evidence beyond a reasonable doubt that he is not. guilty, then the verdict is ‘not guilty’ ” constitutes reversible error. There was no objection to the oral charge and, in fact, defense counsel announced “satisfied.” This matter cannot be raised for the first time on appeal. Also in construing the charge as a whole, we do not find that the error was prejudicial to the defendant.
IY
In the presence of the jury, the trial judge requested the attorneys and the defendant to approach the bench. The separation of the jury was discussed.
Alabama Code 1975, Section 12-16-9(b) states that “(i)t shall be improper for the trial court to ask the accused, counsel for the accused or the prosecuting attorneys, in the hearing of the jury, whether he or they will consent to a separation of the jury pending the trial.” There has not been a showing that this matter was discussed “in the hearing of the jury.” Absent some affirmative showing in the record to the contrary, error will not be presumed from the actions of the trial judge. Ballard v. State, 236 Ala. 541, 184 So. 260 (1938).
There was no objection to permitting the jury to separate. No unlawful separation has been shown. The defendant cannot contend for the first time on appeal that he was prejudiced by a jury separation to which he did not consent. Cooper v. State, 340 So.2d 871 (1976); Turner v. State, 54 Ala.App. 467, 309 So.2d 503 (1975).
We have searched the record and found no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.