DeCARLO, Judge.
First degree murder; sentence, life imprisonment.
A detailed account of the facts is unnecessary since a single issue raised by appellant is dispositive of this appeal.
The record does not reflect any pre-trial discussion among the court, the district attorneys, and the attorneys for appellant on *226 whether the jury would be permitted to separate during the course of the trial. It is apparent, however, that one or both parties did not consent to the separation of the jury. At the close of the first day of a two and one-half day trial, the court discussed arrangements for the overnight accommodation of the jury. The following occurred.
“JUROR: If we left our automobiles here would they be protected?
“THE COURT: I think what we will do is to bring your automobiles and park them... . How have we been doing it? “THE CLERK: They’ve been parking them in front.
“THE COURT: All right. Does the defendant have any objection to letting the Jurors go individually to get their cars and bring them to the front of the Courthouse?

“THE COURT: If the defendant has no objection, each one of the individual Jurors can go to their respective cars and bring it around to the front of the Courthouse.”
Section 12-16-9, Code of Alabama 1975, states as follows:
“(b) It shall be improper for the trial court to ask the accused, counsel for the accused or the prosecuting attorney, in the hearing of the jury, whether he or they will consent to a separation of the jury pending the trial.
“(c) It shall be improper for the accused, counsel for the accused or the prosecuting attorney to state to the trial court in the hearing of the jury that he or they consent to a separation of the jury pending the trial.”
By the actions of the trial court, appellant was placed in the untenable position which the Alabama Supreme Court stated T. 30, § 97(1), Code of Alabama 1940, Re-comp. 1958, [now § 12-16-9(b) and (c)] was designed to prevent. In Kennedy v. State, 291 Ala. 62, 277 So.2d 878, 879 (1973), the court observed:
“[T]he purpose and intent of Title 30, § 97(1) is twofold: (1) to prevent the defendant from being prejudiced by the jury’s knowledge that he has refused to consent to their separation; and (2) to prevent the jury from showing undue favoritism to a defendant by reason of knowledge that he has consented to their separation.”
Had appellant answered the court’s inquiry in either the affirmative or the negative, he would have been in violation of § 12-16-9(c). As the Alabama Supreme Court stated in Thomas v. State, 124 Ala. 48, 58-59, 27 So. 315:
“The defendant was not required by law to make any response involving his consent or refusal . . . but had the right to say nothing on this question.... It was error for the court to put the defendant in this predicament before the jury, by putting the onus upon him of refusing to enter into this consent.”
Ragland v. State, 383 So.2d 897 (Ala.Cr.App.1980), and Wright v. State, 57 Ala.App. 401, 328 So.2d 650, are distinguishable from the instant case. In both Ragland, supra, and Wright, supra, the conversation regarding jury separation was not conducted in the presence and hearing of the jury. We believe that, by asking appellant’s consent to a separation in the hearing of the jury, the trial court committed reversible error.
REVERSED AND REMANDED.
All the Judges concur.