Appellant filed a petition for writ of error coram nobis in the Circuit Court of Jefferson County. Appellant alleged in his petition ineffective and inadequate counsel at trial. The trial court denied the petition without giving appellant an evidentiary hearing. This appeal follows.
The State did not file a brief and admitted by separate letter that appellant is entitled to an evidentiary hearing on the allegations *Page 231 
in the petition, based on the authority of Kennedy v. State,409 So.2d 1010 (Ala.Cr.App. 1982), and Ellison v. State,406 So.2d 439 (Ala.Cr.App. 1981). Evidently, neither party to the appeal considered the case of Stephens v. State, 420 So.2d 826
(Ala.Cr.App. 1982). That case said, "[i]n a petition for writ of error coram nobis, mere naked allegations that a constitutional right has been violated will not suffice." Stephens at 828. This court then set out the following requirements for an evidentiary hearing: (1) the application should make a full disclosure of the specific facts relied upon and not mere conclusions as to the nature and effect of such facts; and (2) a hearing should not be granted without affidavits sufficiently refuting a record that appears correct.
Appellant alleges in his petition as follows: (1) the trial judge, in the presence of the jury, asked defense counsel if the jury could separate for the night, whereupon defense counsel failed to move for a new trial; (2) defense counsel refused to let appellant testify in his own behalf because of probable impeachment due to prior convictions when, in fact, appellant was a juvenile offender on the prior occasions; and (3) defense counsel failed to request that the jury be charged on the lesser included offense when the evidence would have supported the lesser charge. The record of the original trial is not before us, so we have no way of knowing if appellant's allegations are truthful. However, appellant has filed an affidavit in which he asserts the truthfulness of his petition. The requirements of Stephens, supra, are satisfied, and appellant is entitled to an evidentiary hearing on the merits of the petition.
The order of the trial court is reversed and this cause remanded for an evidentiary hearing.
REVERSED AND REMANDED.
All the Judges concur.