TYSON, Judge.
Gordon McReay Guyton was charged by indictment with the breaking into the dwelling of one Helen Bryant with intent to commit a crime therein, to-wit, an assault and while effecting his entry within the dwelling, he did cause physical injury to one Tonyia Adams, by striking her with an ax in violation of § 13A-7-5, Code of Alabama 1975 as amended 1980.
The jury found the appellant guilty of burglary in the first degree as charged in the indictment, and following a habitual offender hearing, at which four prior felonies were placed in evidence, the appellant was sentenced to life imprisonment without parole.
Prior to trial, appellant’s counsel filed a motion seeking to have the appellant examined as to his mental competency, both as of the time of the offense in question and also as to his competency to stand trial. The trial court entered an order directing that the appellant be sent to Bryce Hospital for examination and following this a report was made to the circuit court, through the psychiatrist at Bryce Hospital, which report indicates that the appellant was “presently competent to stand trial and to assist his attorney in preparing his defense” and that the appellant “does understand the nature of the charges against him and can communicate with his attorney with a reasonable degree of rational understanding.”
The report also indicates that the appellant’s alleged criminal activity was not viewed by the examining psychiatrist as being the product of a mental illness and therefore that he did possess the capacity to appreciate the criminality of his conduct and to conform his conduct to the requirements of law at the time the particular offense was committed.
This report also indicated that the appellant had been dependent on various medications for an asthmatic condition while he was at Bryce Hospital.
Following an arraignment the appellant withdrew his original plea of not guilty by reason of insanity and the cause proceeded to trial on his not guilty plea.
Tonyia Renea Adams testified she was the daughter of one Helen Bryant and was living at the home of her mother and father at 2812 33rd Avenue, North, on August 11, 1981. She testified that she had a sister, one Prentella Bryant Guyton, her own son and her mother and father also living at this address. She stated she was awakened in the early morning of August 11,1981, by hearing a noise and feeling someone push--ing on her head as though to push her back to the floor. She screamed and began to struggle and as she looked up she’ recognized the appellant. He had an ax in his hand and he struck her on the back of the head. She stated that he also struck her on the neck and arm. She was afraid that the appellant would harm her child and she screamed. She stated that she ran out of the front door screaming for help and some of the neighbors took her to a hospital where she stayed several hours following treatment for her injuries. She stated that she was living with her parents at the time of the assault and the appellant had formerly been married to her sister, but they were separated.
Helen Bryant testified she lived at 2818 33rd Avenue, North on August 11, 1981. She testified that her husband and two daughters, Tonyia and Prentella, also lived there with her. She testified that her husband had gotten up early on that morning and had gone to work when she suddenly heard one of her daughters, Tonyia, screaming. She got up to see what was happening and suddenly recognized the appellant standing over her with an ax in his hand. She stated that he struck her one time with the ax, then dropped it and ran out of the *241 house. She stated that she was subsequently taken to University Hospital where she stayed almost a week for treatment.
On cross-examination, she stated that her daughter, Prentella, had been separated from the appellant from February until August and had been living at her home during this time. She stated that the appellant did not have a key and did not have her permission to come into her home.
Prentella Bryant Guyton testified she was living with her parents on August 11, 1981, and was separated, having filed for divorce. She testified that on the early morning of August 11,1981, she was awakened by some screaming and recognized the voice of her sister, Tonyia Adams. She went into the room and saw that her sister had been cut and she saw an ax in the hands of the appellant whom she positively identified. She saw the appellant run from the home after striking her mother. She stated that she had been separated from her husband for several months and living at her parents’ home. The appellant did not have a key and did not have their permission to come into the home.
Lewis Evens, a member of the Birmingham Police Department, testified that he investigated the burglary at 2812 33rd Avenue, North on the morning of August 11, 1981. He testified that one bedroom was “messed up and torn, and there was quite a bit of blood on the bed and telephone book.” He testified he found one single blade, wooden ax which had been kept in his possession and control, which he identified in open court. He testified that in his opinion there was blood on the blade.
John Thomas Jones, Jr., testified that he was a friend of the appellant, Gordon McReay Guyton. He testified that after an incident in early August of 1981, he had a telephone call from Guyton and that he recognized his voice. Guyton told him that he had struck both Mrs. Bryant and her daughter, Tonyia, with an ax. He stated that he just went into the house and “started chopping”.
The appellant made a motion for an acquittal based on the fact that the State did not prove all the elements of burglary in the first degree. The trial court overruled this motion. The appellant recalled his former wife and examined her further concerning the incident in question, but presented no further witnesses.
There was no exception to the oral charge of the trial court. However, three written requested charges were denied.
I
The appellant contends that the State failed to prove the crime of burglary in the first degree as charged in the indictment.
“§ 13A-7-5. Burglary in the first degree.
(a) A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, he or another participant in the crime:
(1) Is armed with explosives or a deadly weapon; or
(2) Causes physical injury to any person who is not a participant in the crime; or
(3) Uses or threatens the immediate use of a dangerous instrument.
(b) Burglary in the first degree is a Class A felony. (Acts 1977, No. 607, p. 812, § 2610; Acts 1979, No. 79-471, p. 862, §1.)”
From our examination of the evidence as hereinabove set forth as disclosed by this record, it is clear that the appellant was separated from his former wife at the time he broke into the home of her mother and assaulted both Mrs. Bryant and her daughter, Tonyia, with an ax. The record discloses the appellant did not have permission to enter the home and had no key, having been separated from his former wife for several months, and she having filed for divorce. It is clear that the trial court correctly overruled his motion for an acquittal and motion for new trial challenging the weight and sufficiency of the evidence as the State clearly proved a prima facie *242 case of burglary in the first degree. Whitson v. State, 377 So.2d 1108 (Ala.Cr.App. 1979), cert. denied, 377 So.2d 1111 (Ala. 1979). James v. State, 381 So.2d 672, (Ala. Cr.App.1980).
II
The appellant contends the trial court failed to give the written requested charges dealing with assault.
The appellant made no exception to the oral charge of the court nor to the failure of the trial judge to give the written requested charges, hence he failed to preserve the issue of the lesser included offense of assault for review. Allen v. State, 414 So.2d 989 (Ala.Cr.App.1981), affirmed 414 So.2d 993 (Ala.1982).
We have carefully examined this record and find same free of error. The judgment appealed from is therefore due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.