HARRIS, Judge.
This is an appeal from a denial of appellant’s pro se petition for writ of error coram nobis.
While appellant’s petition contains many argumentative averments which make it difficult to ascertain any definite grounds for coram nobis relief, a close reading reveals two noteworthy grounds. Both claims are founded under the general claim *1382 of ineffective assistance of counsel. The trial court denied appellant’s petition without conducting a hearing thereon.
Initially, appellant contends that he was denied effective assistance of counsel by the failure of his counsel to object to the trial court’s asking appellant in the presence of the struck but unsworn jury whether he would agree to the jury separating during his trial.[1]
The record reflects that immediately after the voir dire examination of the jury venire a recess was taken. The transcript notes the following:
“Whereupon, a short recess was had, after which 12 jurors were selected, it being agreed that the jury would not be sequestered.)” (Emphasis added.)
This court has recently stated the purpose of the writ of error coram nobis:
“The office of the writ of error coram nobis, under Alabama law, is to bring to the attention of the court for correction an error of fact, one not appearing on the face of the record, unknown to the court or party affected, and which, if known in time, would have prevented the judgment challenged and serves as a motion for a new trial on the ground of newly discovered evidence.
“In coram nobis proceedings, when inadequacy of counsel is alleged, the burden is upon petitioner to show by clear and convincing evidence that his legal representation was totally inadequate.” (Citations omitted.) Woodard v. State, 433 So.2d 1198 (Ala.Cr.App.1983).
“In order for a petition for writ of error coram nobis to be ‘meritorious on its face’ it must contain more than mere naked allegations that a constitutional right has been violated.” Stephens v. State, 420 So.2d 826, 828 (Ala.Cr.App.1982).
The following requirements must be met in order for the trial court to hold an evidentiary hearing: (1) the application or petition should make a full disclosure of the specific facts relied upon and not mere conclusions as to the nature and effect of such facts; and (2) the filing of an affidavit sufficiently refuting a record that appears correct. Whitson v. State, 435 So.2d 230 (Ala.Cr.App.1983).
The instant issue is identical to that raised in Whitson[2]. In Whitson, as here, the defendant filed a verified pro se petition for writ of error coram nobis. However, unlike this appellant, Whitson filed an affidavit along with his verified petition, thus fulfilling the requirements enumerated in Stephens.
Consequently, appellant failed to meet the requirements for properly filing his petition. Thus, no error was committed by the trial court in this regard.
Section 12-16-9, Code of Alabama 1975[3], states:
“(a) If the accused and his counsel and also the prosecuting attorney, in any prosecution for felony, whether capital or noncapital, consent thereto in open court, the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retried or not. A separation so permitted shall not create a presumption of prejudice to that accused, but on the contrary it shall be prima facie presumed that the accused was not preju *1383 diced by reason of the separation of the jury-
“(b) It shall be improper for the trial court to ask the accused, counsel for the accused or the prosecuting attorney, in the hearing of the jury, whether he or they will consent to a separation of the jury pending the trial.
“(c) It shall be improper for the accused, counsel for the accused or the prosecuting attorney to state to the trial court in the hearing of the jury that he or they consent to a separation of the jury pending the trial. (Acts 1943, No. 384, p. 358.)”
In Kennedy v. State, 291 Ala. 62, 64, 277 So.2d 878, 879 (1973), our Supreme Court enumerated the purpose and intent of Title 30, § 97(1), Code of Alabama 1940 (recom-plied 1958), the predecessor to § 12-16-9:
“(1) to prevent the defendant from being prejudiced by the jury’s knowledge that he has refused to consent to their separation; and (2) to prevent the jury from showing undue favoritism to a defendant by reason of knowledge that he has consented to their separation.”
We have found no case whose facts are directly on point with the instant case. See Mitchell v. State, 244 Ala. 503, 14 So.2d 132 (1943); Irwin v. State, 397 So.2d 225 (Ala.Cr.App.), cert. denied, 397 So.2d 226 (Ala.1981); Caldwell v. State, 393 So.2d 499 (Ala.Cr.App.1981); Brown v. State, 369 So.2d 56 (Ala.Cr.App.1979); Wright v. State, 57 Ala.App. 401, 328 So.2d 650 (1976).
We are of the opinion that the trial court followed the requirements of § 12-16-9, and did not address the issue of jury sequestration in the jury’s hearing. For aught that appears, it is equally as reasonable for such to have been ascertained in accordance with the law, as in violation of it. A careful search of the record reveals no evidence that the jury heard anything to indicate whether appellant agreed or refused to agree to its separation. Kennedy, supra. It would have been wholly inconsistent for appellant’s counsel to have objected to something to which appellant and he had apparently agreed. Such would have reflected more strongly on counsel’s competency and representation than that reflected by the record now before us. Based upon this additional reason, we find no error in the trial court’s ruling.
Appellant’s last contention centers upon the sentence imposed upon him. He asserts that his prior conviction was invalid, as he was not informed of the minimum and maximum punishment he could receive. Consequently, appellant argues that he was ineffectively represented by counsel’s failure to object on such grounds.
Appellant’s prior conviction occurred in 1962, which was based upon a guilty plea at which appellant was represented by counsel. A review of the portions of the trial transcript attached to appellant’s petition as well as other pertinent portions not made a part of the instant record, but of which we may take judicial notice, reveal the following: (1) prior to the jury venire being qualified by the trial court, the state served appellant with a copy of his prior convictions in compliance with the notice provision of A.R.Crim.P.Temp. 6(b)(3)(ii); (2) after the jury was selected and dismissed for lunch, but prior to reception of any testimony, the state offered for identification purposes only, a certified copy of the judgment entry of appellant’s 1962 conviction of grand larceny and receiving and concealing stolen property; (3) after the jury had returned its verdict, the state requested a sentencing hearing; (4) the trial court, noting the different ranges of punishment under the first degree assault and habitual offender statutes, granted the state’s motion; (5) at appellant’s sentencing hearing, the state offered into evidence the 1962 conviction; (6) appellant challenged its introduction on the ground of remoteness; (7) the trial court did not rule on the state’s proffer; (8) subsequently, the state recommended a sentence of twenty years’ imprisonment, the maximum allowed under the first degree assault statute (see Ala.Code *1384 §§ 13A-5-6(a)(2), -6-20 (1975)); (9) the trial court then sentenced appellant to twenty years’ imprisonment.
In the instant cause, appellant wishes to collaterally attack the validity of his 1962 guilty plea conviction in his collateral attack of his 1980 first degree assault conviction. See Bennett v. State, 410 So.2d 138 (Ala.Crim.App.), cert. denied, 410 So.2d 139 (Ala.1981). Other than the certified copy of the judgment entry, no record of the 1962 proceedings is presently before us.[4]
As to appellant’s argument concerning use of the prior conviction for enhanced punishment purposes, we note that the trial court, for reasons undisclosed by the record, did not admit into evidence the prior conviction.[5] Consequently, the trial court did not sentence appellant under the mandatory provisions of the habitual felony offenders statute, Ala.Code § 13A-5-9(a)(2) (1975). Aplin v. State, 421 So.2d 1299 (Ala.Cr.App.1981); Watson v. State, 392 So.2d 1274 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981).
As stated in Thomas v. State, 435 So.2d 1324 (Ala.1982):[6]
“Ordinarily, trial judges are not required to make findings of fact. Where, however, as in the instant case, various sentence ranges overlap (i.e., the sentences which would apply to a defendant as a habitual offender with and without the youthful offender adjudication overlap the sentence applicable notwithstanding prior felonies), we believe the trial court’s order of sentence should clearly indicate whether the court invoked the Habitual Offender Act in arriving at the sentence imposed. This being done, the basis of the trial court’s sentencing order need not be questioned on appeal, nor need its propriety rest upon speculation.”
We therefore affirm the trial court’s denial of appellant’s petition for writ of error coram nobis. Nevertheless, we remand this cause to the trial court to conduct another sentencing hearing applying the habitual felony offenders statute. See Thomas, supra; Pickett v. State, [Ms. 3 Div. 504, Nov. 23,1982] (Ala.Cr.App.1982); Agee v. State, 429 So.2d 654 (Ala.Cr.App.1982); Coleman v. State, 424 So.2d 685 (Ala.Cr.App.1982); Miller v. State, 423 So.2d 1377 (Ala.Cr.App.1982); Watson, supra. A reasonable time prior to the sentencing hearing, the state should notify appellant of the prior conviction under which it plans to proceed, although for all practical purposes appellant is aware of such. All parties should be present, with counsel, and any evidence offered shall be recorded for this court’s review.
AFFIRMED; REMANDED WITH DIRECTIONS FOR ANOTHER SENTENCING HEARING.
All the Judges concur.

. We note that appellant’s trial lasted only one day. Thus, the jury did not have to separate and was not given instructions regarding its duties during the evening recess and period of separation as is commonly done.

. In Whitson, the complained of error occurred as follows;
“THE COURT: Mac, [defendant’s attorney] do you mind if we let the jury separate tonight?
“MR. PARSONS: That is fine, Judge.
“THE COURT: All right, gentlemen, you all be back at one o’clock.”

.Section 12-16-9, was amended, effective May 4, 1982. See Ala.Code § 12-16-9 (1975) (Supp. 1982).

. A review of the records of this court reveals no direct appeal being taken from appellant’s 1962 conviction. See V. 53, Appearance Docket, October Term 1962. However, appellant filed a petition for writ of error coram nobis raising the identical issue herein presented. The petition was denied and appellant appealed. This court found Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), inapplicable and, thus, answered the instant question adversely to appellant. See Bennett v. State, 432 So.2d 27 (Ala.Cr.App.1983).

. The prior conviction appears in the instant record as appellant’s exhibit “A”. It had been previously marked as state’s exhibit 1 on voir dire for identification purposes.

. In Thomas, supra, the court, quoting with approval from the dissent of now presiding Judge Bowen, noted that upon resentencing, the trial court would not be bound by the previous sentence imposed. Upon return to remand, Thomas’s sentence was reduced by the trial court. Under proper sentencing, an increase in punishment may occur. See Coleman, infra (thirty years’ to life imprisonment); Chambers v. State, 418 So.2d 948 (Ala.Cr.App.1982) (life imprisonment to life imprisonment without parole); Peoples v. State, 415 So.2d 1230 (Ala.Cr.App.1982) (twenty years’ to life imprisonment).