ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
We now consider the return of the trial court to our order of remandment with *1291 directions for another sentencing hearing, as found in Bennett v. State, Ala.Cr.App., 437 So.2d 1381 (1983), in which it is stated at 1384 that the case is remanded “to the trial court to conduct another sentencing hearing applying the Habitual Felony Offenders Act.” In the cited case, the judgment of the trial court denying appellant’s petition for writ of error coram nobis was affirmed. The petition for writ of error coram nobis was largely an attack upon what had occurred in Bennett v. State, Ala.Cr.App., 410 So.2d 138, writ denied, Ala., 410 So.2d 139, and which resulted in a judgment of affirmance by the Court of Criminal Appeals on the trial court’s return to remand at 410 So.2d 139 (1982). We note that in each of the two cited cases and in the instant case, appellant has been represented by an attorney different from the attorney representing him on appeal in either of the other two cases. We note also that the attorney representing appellant at the present time is the same attorney who represented him in the trial court by appointment of the court as counsel for an indigent. We note that the record also discloses that during the time this case was in the Circuit Court of Jefferson County after the remandment with directions for another sentencing hearing, the appellant herein entered an appearance pro se by the filing of a lengthy pro se handwritten five-page petition for writ of habeas corpus. The minutes of the trial court reflect that on November 18, 1983, came the District Attorney and “the defendant in his own proper person and with his attorney, Bill Davis, and sentence in this case is pronounced by this Court in accordance with directions of the Court of Appeals opinion; the most recent being the Petition for Writ of Habeas Corpus, and said Petition being ruled on by this Court on this date.”
In the brief of counsel for appellant, only two issues are presented, which are as follows:
“I.
“WHETHER OR NOT THE HABITUAL OFFENDER ACT CAN BE APPLIED WHEN THE COURT RECORD SPECIFICALLY SHOWS THAT THE DEFENDANT AT THE TIME OF HIS SENTENCE WAS NOT ADVISED AS REQUIRED UNDER THE STATE AND FEDERAL CONSTITUTIONS OF THE RANGE OF SENTENCE THAT HE WAS SUBJECTING HIMSELF TO UNDER A PLEA OF GUILTY.
“II.
“WHETHER OR NOT FROM THE REMAND BY THE COURT OF CRIMINAL APPEALS THE TRIAL COURT HAS THE DISCRETION TO DECREASE THE SENTENCE OF THE DEFENDANT.”
In an effort to support the first issue presented in brief of counsel for appellant, he candidly recognizes that the issue has been decided adversely to him in a case in which he was a party, the appellant, Bennett v. State, Ala.Cr.App., 432 So.2d 27 (1983), wherein the court followed the case of Cooper v. State, 53 Ala.App. 36, 297 So.2d 169, certiorari denied, 292 Ala. 717, 297 So.2d 175, and quoted therefrom as follows:
“Some of our decisions in regard to the requisites of the Boykin rights are confusing and this confusion led the eminent and distinguished trial judge into error, without any fault whatsoever on his part, in neglecting to personally interrogate the defendant in this case and record her responses thereto. We regret this. We want to expressly state to the trial courts and the trial bar that our decision today, in the interest of the administration of justice, is prospective only. Stated another way, this decision has no retroactive application.”
The former felony conviction of defendant in the Tuscaloosa County Circuit Court occurred in 1962, approximately seven years before the Supreme Court rendered its decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Counsel for appellant gives us the benefit of his opinion on the issue, but he cites no author *1292 ity whatever in support of the issue, which we again decide adversely to appellant.
Appellant’s second issue is expressly addressed to what was said by the trial judge at the hearing in compliance with the order remanding the case with directions for another sentencing hearing, during the colloquy among the trial judge and the attorneys as to the language of the statutory range of punishment applied, which occurred soon after defendant’s attorney had requested that the previous sentence of twenty years be reduced and the trial judge replied, in part, “I can’t reduce it in any way. It’s past my — .” After further discussion by the trial judge and the attorneys, the attorney for defendant indicated disagreement with what the trial judge had said and the trial judge responded thereto. We quote from their dialogue:
“MR. DAVIS: Judge, I just wanted a clarification because you said you thought you had no—
“THE COURT: That’s correct — no, I don’t, I don’t. Once you sentence a man, after 30 days I don’t think the court has the right to go back and change it, unless there be something pending in the form of an application for probation, something like that.”
Our analysis of the dialogue from which we have quoted leads to the conclusion that neither the trial judge nor defendant’s attorney fully clarified to the other the position he was taking at the time. We are of the opinion that the trial judge was referring to loss of jurisdiction of the trial court upon the expiration of thirty days from the rendition of the judgment in the absence of a motion for new trial, or the equivalent, within thirty days after sentence is pronounced, as provided by Alabama Temporary Rules of Criminal Procedure, Rule 13(a)(2), and not to the question of its jurisdiction as to a judgment in a case after remandment by an appellate court of the case to the trial court for its action in accordance with the terms of the remandment to it.
The terms of the remandment of the instant case to the trial court did not include a provision that the trial court should adjudge again what punishment should be, or should have been, imposed but “to conduct another sentencing hearing applying the Habitual Felony Offenders Statute,” as stated at 437 So.2d 1384 in Bennett v. State, supra.
We find nothing in the transcript to convince us that appellant’s attorney is correct in his contention that the trial judge should have reduced the term of the previously imposed sentence if he had thought that it was within the statutory power of the trial court to do so. In our consideration of the ease on original submission, our only concern was whether the trial judge, in fixing defendant’s punishment at imprisonment for twenty years, was applying the Habitual Felony Offenders Statute. There is nothing in the transcript to convince us that if this case were remanded again to the trial court for it to determine whether it would reduce the sentence, it would conclude that it would do so. Furthermore, there is nothing in the order of this court remanding the cause that would authorize the trial court to take any action other than “to conduct another sentencing hearing applying the Habitual Felony Offenders Statute.” The trial court has fully complied with such order. Ex parte Thomas, 435 So.2d 1324 (Ala.1982), cited by appellant in support of his contention, is inapposite, for that in the opinion in that case it is stated, “The trial court sentenced Thomas to ten years in the state penitentiary, but did not indicate the basis for its determination of the term of the sentence imposed,” while in the instant case it is clear that the trial judge was convinced that the punishment should be imprisonment for at least twenty years irrespective of any previous felony convictions. The judgment of the trial court as shown by its return to the order of remandment should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his *1293 opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.