MARIE LEMP, PROSECUTRIX, v. THE TOWNSHIP OF MILL-BURN ET AL., DEFENDANTS.

Submitted May 5, 1942—Decided November 23, 1942.

Before Justices Case, Donges and Colie.

For the prosecutrix, *Harry Silverstein.*

For the defendants, *Reynier J. Wortendyke, Jr.*

The opinion of the court was delivered by
Donges, J. This is an application for a writ of *certiorari*

to review the conviction of the prosecutrix for the violation of the zoning ordinance of the Township of Millburn.

Prosecutrix resides at 84 Locust Avenue, Millburn, which is located in a Residence "B" District, as defined by the ordinance. At her residence she conducts a custom dressmaking business in which she employs two other persons to assist her, such persons not being occupants of the premises.

The zoning ordinance prohibits the use of buildings in "B" residence districts for any business, industrial, manufacturing or commercial purpose, with certain exceptions, the pertinent one of which is as follows:

"(c) Home occupations such as custom dressmaking, custom millinery and home cooking, and not injurious to a district as a place of residence; provided that such occupation shall be conducted solely by resident occupants of the building, and that no sign, advertisement or display or products shall be visible from the street."

The violation charged against prosecutrix consisted of her employment of two non-resident assistants in the operation of the business.

The first point is that the complaint does not set forth a violation of the ordinance because it is not charged that the occupation was injurious to the district as a place of residence. However, it is obvious from a reading of the section in question that the requirement that an occupation be not injurious applies only when the occupation is otherwise within the terms of the excepting clause. The prohibition against a business conducted by other than the resident occupants of the building is absolute, whether alleged or shown to be injurious or not.

The next point is that there was no evidence to sustain a conviction. The argument here involves the definitions of the various terms used in the ordinance, particularly the word "conduct." Prosecutrix contends that "conduct" is used in the sense of "direct, have the direction of, lead, or manage." She was the managing head of the establishment, employing merely assistants and not partners, and in that sense the occupation was "solely conducted" by an occupant

of the building. We think that this is not a reasonable construction of the meaning of the ordinance. This would permit the employment of an almost unlimited number of persons and the carrying on of a business of considerable size in a residential zone, as long as the person managing it lived on the premises. This was not the purpose of the exception. It was to permit light occupations in the home which did not change the character of the building from a home to a business or industrial establishment. The general classification is that of "home occupations." We think the clear intent is that occupations in which only occupants of the home take part may be carried on in residential districts.

It is next argued that the ordinance is not in conformity with the statute in that it bears no relation to the purposes for which zoning ordinances are authorized by the statute, *R. S.* 40:55-32. No evidence was produced by the prosecutor in an effort to show that, under the circumstances surrounding the locality, there was no conformity to the purposes of the zoning plan as a matter of fact; and we do not think that any such lack of conformity appears on the face of the ordinance. It might very well be that a restriction against business and industrial occupations in a residential neighborhood tended to lessen congestion in the streets, to secure safety from fire, panic and other danger, or to promote the general welfare.

The last point is that the ordinance is void because it discriminates between residents and non-residents of buildings restricted. But we think the so-called discrimination is nothing but a measure used to limit the size and scope of businesses which are permitted to be carried on. It does not appear to be unreasonable.

The writ of *certiorari* is denied.