291 A.2d 512 (1972)
TOWN OF KITTERY
v.
Ernest F. HOYT and Carol Hoyt.
Supreme Judicial Court of Maine.
June 8, 1972.
Duncan A. McEachern, Kittery, for plaintiff.
James H. Dineen, Kittery, Richard E. Dill, Portsmouth, N. H., for defendants.
Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.
*513 WEATHERBEE, Justice.
A Justice in the Superior Court has enjoined the Defendant Mr. Hoyt from a use of Mr. and Mrs. Hoyt's property which he found not to be permitted under the municipal zoning ordinance of the Town of Kittery and he also issued a qualified order against both Defendants for removal of part of this property which had been constructed without a building permit. The Defendants appealed.
In 1966, the Defendants purchased a parcel of land bordering Chauncey Creek in Kittery and located in a suburban residence zone. Chauncey Creek is a tidal inlet which leads into Portsmouth Harbor and the Atlantic Ocean. The parcel of land is separated into two portions by Chauncey Creek Road which runs through the property.
The permitted uses in the suburban residence zone include:
IV, A. (1) (d) Private boat landing, mooring and marina.
IV, A. (1) (j) Accessory use customarily incident to any principal use, and not detrimental to a residential district, including . . . (3) home occupation.
They do not include the operation of a commercial lobster business.
Section VI, B.(2) of the Zoning Ordinance of the Town of Kittery requires a permit for any structure to be "erected, enlarged, materially altered or moved".
In the spring of 1969, Defendant Hoyt, a 33 year old lobsterman, applied for and received a building permit to construct a "workshop and garage" on the part of these premises which is adjacent to Chauncey Creek which lies across the public street from the home. This building was constructed. In the fall of 1969, the Defendants, without having sought to obtain a building permit from the Town of Kittery, constructed a pier leading from the workshop-garage extending over the waters of Chauncey Creek together with a float at the end of the pier. The Defendants had received permission to maintain these structures from the Kittery Port Authority and the Army Corps of Engineers.
After construction of the pier and float, the Defendants installed a 6' × 24' receiving tank to retain and store lobsters in the workshop-garage and a pumping device on the pier which supplies the tank with a continual flow of salt water.
Since the building of these structures the Defendant Mr. Hoyt has been engaged as a lobsterman, fishing an average of 600 of his 950 traps, unloading his catch at the float, storing up to 1000 lobsters in the receiving tank, and receiving and storing in the building his salt and almost daily shipments of fish bait. He sells his lobsters to dealers in the Kittery-Portsmouth area and receives telephone orders for lobsters, usually at home and occasionally at the workshop-garage. He delivers most of the orders but on occasion a customer picks up the lobsters at the workshop-garage. For a few days in June of 1970 there was a sign over the door reading "Hoyt's Lobster Company".
After a hearing on the Town's complaint for a permanent injunction, the Justice found that the Defendant Mr. Hoyt was conducting a commercial lobster business in an area where such a use is not permitted and enjoined him from further use for this purpose.
The Justice also held that regardless of the areas of concern of the Army Corps of Engineers and the Kittery Port Authority in structures on this tidal stream, such structures must also comply with the Town's Zoning Ordinance. With this we agree.
The Justice found that the pier and float whatever their useexisted in violation of the zoning law as they had been constructed without a permit being granted by the Building Inspector of the Town and he ordered the pier and float removed if a *514 permit to maintain them was not received by the town before a certain date.
The Defendants' appeal raises separate issues as to the status of the workshop-garage and as to the float and pier. We find no error as to either of the Justice's conclusions.
The record demonstrates a use by Mr. Hoyt of this propertysummarized by us abovewhich supports the Justice's finding that the property was being used for a commercial lobster businessa use not among those which the ordinance enumerates as permitted in a suburban residence zone.
The Defendant Mr. Hoyt, however, urges us that the nature of his lobster business brings it within the definition of a home operation which Section IV, A.(1) (j) permits in a suburban residence zone.
Section II, I. defines home operations:
"Home Occupation shall mean a business customarily carried on from the home, or readily adaptable to the home, which is an accessory use only of, or to, the dwelling concerned, and which employs not more than one person outside the immediate family, and which is operated by a member of the family occupying the dwelling. Customary home occupations shall include millinery, hairdressing, manicuring, laundering, preserving and home cooking, or the office of a doctor, dentist, lawyer, musician, teacher, architect, real estate broker, or member of any recognized profession, providing the same is not detrimental or injurious to the neighborhood."
Many zoning ordinances contain provisions like the one in question permitting the operation of some light occupations in the home which do not change the character of the building from a residence to a business or industrial establishment. Maurer v. Snyder, 199 Md. 551, 87 A.2d 612 (1952); Piper v. Moore, 163 Kan. 565, 183 P.2d 965 (1947); Lemp v. Township of Millburn, 129 N.J.L. 221, 28 A.2d 767 (1942); Hancock v. City of Concord, N. H., 285 A.2d 791 (1971); Boreth v. Philadelphia Zoning Board of Adjustment, 396 Pa. 82, 151 A.2d 474 (1959), 73 A.L.R.2d 436 (1960).
The term "home occupation", though, is not a blanket permission to conduct business on property where the home is situated for convenience of operation. While courts have generally defined "home occupation" as limited to a business customarily carried on in the home, the language of the Kittery ordinance carefully spells out the limitations of the terms.
In addition, the ordinance undertakes to list numerous activities as specifically included as home occupations. It seems significant that, except for the professional offices, these activities are all such as could be performed entirely within the home. The Defendant's business bears little resemblance to the occupations and professions specifically included in the subsection.
If any unique customs or circumstances exist to indicate a general local acceptance of a commercial lobster business as a home occupation we would expect that this use would likely have been named as one of those specifically included by the ordinance.
The Defendant also contends that the fact that some other lobster businesses are located in the general area of Defendant's property shows that this is a customary home occupation in this particular locale. We cannot agree. The record discloses only that on Chauncey Creek, in the general area of Defendant's property, there are two other lobster businesses of some nature and that one witness who was asked if Mr. Hoyt was "doing the same as other lobstermen along the Creek", answered "Well, practically, yes." We are not told the circumstances of these operations. Of course, the businesses of these other two lobstermen may be valid as pre-existing nonconforming uses or they may even exist in violation of the zoning law.
*515 The evidence shows that the Defendant's lobster business is not even conducted in his home but in a separate building across the street from his home. There he keeps his lobster boat, his delivery truck and his bait, builds, stores, and repairs his traps and stores his lobsters while awaiting sales. The nature of the occupation requires Mr. Hoyt to travel far from his home to catch his lobsters and later to deliver them. The only activity associated with the business which occurs in the home is the receiving of orders by telephone there and that activity is not performed exclusively in the home as Mr. Hoyt has another telephone in the workshop-garage.
The Justice could well have concluded also that the volume of business involved in the Defendant's operation indicates a use which is more than merely accessory to the home. Certainly, the record falls short of establishing that the Justice was in error when he determined that Mr. Hoyt's particular business was not a home occupation as defined by Section II, I. of the Kittery Zoning Ordinance.
The Justice's finding that the float and pier continue to exist in violation of Section VI, B.(2) of the zoning ordinance is equally well supported by the record. No permit was sought or obtained for their construction. While the ordinance exempts from the requirement of a permit "any structural alteration costing less than $100", this can be of no comfort to the Defendants. The Justice found that construction of the float and pier were not "alterations" and the record furnishes ample support for his findings.
Although the Defendants' attack on the Justice's findings are without merit, the matter must be remanded for correction of the language of his injunction.
The Justice's decree makes clear his findings that the use Mr. Hoyt is making of the workshop-garage and the wharf and pier is in fact the operation of a commercial lobster business and not permitted in the zone in which the Defendants' property is situated and that it was the Justice's intention that Mr. Hoyt should be enjoined from continuing this use. The language used by the Justice appears to require further limitation in order to confine its effects to such a use only.
The Justice also recognized that the maintenance of a float and pier for noncommercial use in a suburban residence zone is not forbidden by the zoning ordinance and he qualified his removal order as to these structures by allowing the two Defendants to apply to the town for a permit to maintain their float and pier for a use allowed in a suburban residence zone, provided the Defendants apply for such permit on or before March 1, 1971.
In the event they received no such permit, he ordered the Defendants to remove the float and pier on or before May 1, 1971. These dates having expired while this matter has been on appeal, it is necessary that new dates appropriate to the Justice's purpose be substituted in the amended order following the filing of this opinion.
The Justice's order should be amended to read:
"In light of all of the evidence the defendant is hereby judged to be in violation of the Zoning Ordinance, Town of Kittery and is enjoined and restrained from using the said workshop, pier and float in conducting a commercial lobster business and maintaining in his workshop holding tanks for lobsters and storing of lobster and lobster bait in said structure for that purpose. The defendant shall comply with this injunction on or before 30 days from this date. The defendants are authorized to apply for a permit under the said zoning law for the maintenance of the pier and float for noncommercial use, provided that they undertake an application for such permit on or before 30 days from this date. In the absence of permission from the Zoning Board of appeals permitting defendants *516 to maintain and use the pier and float for noncommercial purposes the defendants shall remove the same on or before 90 days from this date." (Additions and alterations by us are italicized for clarity.)
Appeal denied. Ordered remanded to the Superior Court for alteration of the Justice's order of February 8, 1971 in accordance with this opinion.