Dr. John DeShazo, a dentist, purchased a home at 8501 Hickory Hill Lane, Huntsville, Alabama, in 1978. In 1980, he enclosed the house's double garage, converting it into a dental office in which he began practicing dentistry in December, 1980, as an "accessory use" of the premises. Dr. DeShazo employed two people to assist him, a dental assistant and a receptionist-bookkeeper.
On a complaint by the City of Huntsville, Dr. DeShazo was convicted on March 6, 1981 in the Huntsville Municipal Court of violating Section 41.1 of Huntsville's Ordinance 63-93, which provides in part as follows:
"Section 41.1 — Uses
 "41.1.1 An accessory use is defined as a use on the same lot with, and of a nature customarily incidental and subordinate to, the principal use permitted *Page 1102 
on such lot. This definition includes, but shall not be limited to, such customary home occupations as the office of a doctor, lawyer, architect, notary, artist, dressmaker, the taking of not more than 3 boarders and the leasing of not more than 3 rooms.
 "Accessory uses permitted in residence districts must adhere to the following requirements:
 "Accessory uses shall be engaged in [in] the main building only and shall be conducted only by one person resident in said building."
From that conviction, the defendant appealed to the Circuit Court of Madison County, where the matter was heard by Snodgrass, J., without the intervention of a jury. The defendant was convicted and fined $100.00 and court costs; that conviction is the basis of this appeal.
 I
The focal point of the errors urged by appellant in this appeal relates to the interpretation or construction of that part of the ordinance which provides "and shall be conducted only by one person resident in said building." The basis of the ordinance violation conviction was to the effect that Dr. DeShazo's practice was not "conducted only by one person resident in said building" in that he had two employees. Appellant strongly contends, in his brief and in oral argument, that the word "conduct" necessarily implies the permissive use of assistants in the business of carrying on a dental practice. It is argued that because the ordinance authorizes accessory uses for such customary home occupations as a dentist, it impliedly authorizes the utilization of the paraphernalia, instruments, furniture, medicines and employees necessary for the examination and treatment of patients.
An examination of the ordinance shows that its obvious purpose was to permit the continuation of "customary home occupations," although with designated restrictions, in residential areas, while at the same time preserving the residential character of the areas. This necessarily entails consideration of such elements as the amount of street traffic, the use of display signs, the number of automobiles parked at the residence, and the percentage of floor space occupied by the business.
Undoubtedly, a municipality would have the authority to entirely prohibit all business enterprises from operating in residential zones, Marshall v. City of Mobile, 250 Ala. 646,35 So.2d 553 (1948), Chapman v. City of Troy, 241 Ala. 637,4 So.2d 1 (1941). It naturally follows that a municipality may attach reasonable restrictions to business activity in residential areas. In the instant case, one such restriction is that the business activity may be carried on by only one person, who must reside in the residence. It does not appear to be unreasonable.
Appellant urges that the word "conduct" is or should be used in the sense of managing, directing or leading, thereby authorizing the use of employees. We think that this is not a reasonable construction of the meaning of the ordinance. This would permit the employment of an almost unlimited number of persons and the carrying on of a business of considerable size in a residential zone, as long as the person managing it lived in the premises. Lemp v. Township of Millburn, 129 N.J.L. 221,28 A.2d 767 (1942). The purpose of the ordinance was to prevent such an eventuality.
Red Acres Imp. Club v. Burkhalter., 193 Tenn. 79,241 S.W.2d 921 (Tenn. 1951), is distinguished from the case at bar in that the court there held, 241 S.W.2d at page 924, "(T)here is no inference in this ordinance that the doctor may not have any of these reasonably necessary articles or employees." We hold that such inference is implicit in the language of the ordinance in this case. We do not agree that the prohibition against employees has the practical effect of destroying the privilege of business accessory use of residential property. However, even if it does, the municipality is doing no more indirectly than it could have done directly, that is, entirely prohibit a medical practice in a residential area. *Page 1103 
 II
Appellant correctly urges the rule in this state that the restriction of zones imposed by a zoning ordinance must be declared as a rule of law in the ordinance, and not left to the uncertainty of proof by intrinsic evidence, Johnson v. City ofHuntsville, 249 Ala. 36, 29 So.2d 342 (1947), PentecostalHoliness Church of Montgomery v. Dunn, 248 Ala. 314,27 So.2d 561 (1946). The ordinance in question satisfies this requirement.
 III
Lastly, appellant raised the issue that his conviction is violative of due process and equal protection of the law. Swannv. City of Graysville, 367 So.2d 952 (Ala. 1979). Here, as inSwann, the subject concerned in the ordinance was acknowledged to be within the municipality's power of control and regulation. The remaining facet of that issue, then, is whether the City of Huntsville has enforced the subject ordinance in an arbitrary, capricious or discriminatory manner. We think not.
The record of evidence is silent in that regard except for appellant's cross examination of Mr. Tom Dozier, a witness for the City of Huntsville, as follows:
 "Q. Are you familiar with Dr. Dillworth's office that was previously in the City of Huntsville?
"A. Yes, sir.
"Q. His wife worked for him?
"A. Yes, sir."
There are no indications from the record as to whether Dr. Dillworth's activity came within the purview of the ordinance in question, or whether his office was located in a commercial zone.
This court has previously held that, although no clear standards exist for quantum or type of proof sufficient to illustrate discriminatory enforcement of a statute or a municipal ordinance, three elements must generally be proved: selectivity in enforcement; selectivity that is intentional; and selectivity based upon some invidious or unjustifiable standard such as race, religion, or other arbitrary classification. It is insufficient merely to show that other violators have not been prosecuted, that there has been laxity in enforcement, or that there has been conscious exercise of some selectivity in enforcement. Starley v. City of Birmingham,377 So.2d 1131 (Ala.Cr.App. 1979). From this evidence, there is no showing of selective or capricious prosecution by the City of Huntsville.
For the reasons shown, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.