TYSON, Judge.
Earnest Averhart was indicted for the unlawful breaking and entering of a vehicle in violation of § 13A-8-ll(b), Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment” and he was sentenced to 15 years’ imprisonment in the penitentiary as a habitual offender.
At approximately 5:45 p.m. on May 30, 1983, William James Flenoury parked his yellow 1972 Volkswagen in a parking lot behind the Cabana Hotel on Second Avenue North in Birmingham, Alabama. He left the car unlocked and went inside the St. Francis Church, which is located next door to the Cabana Hotel, to play bingo.
At some point Sammy Ceravalo, the bingo chairman, looked outside at the parking lot in which Flenoury had parked his automobile. Ceravalo saw the appellant get into a green Volkswagen. A few minutes later the appellant got out of this vehicle and got into a yellow Volkswagen. The appellant was leaning over in this automobile. Ceravalo had seen the appellant inside the building earlier that night.
Ceravalo then had an announcement made over the public address system inside that someone had left their lights on in a yellow Volkswagen.
Flenoury then met Ceravalo at the back door of the building and the two went outside to the parking lot. As they approached Flenoury’s vehicle, they saw the appellant behind a dumpster.
When Flenoury looked in his vehicle, he saw that all the wires under the steering wheel had been torn loose. A tool socket set that Flenoury kept under his back seat was on the front seat on the driver’s side.
At this point, the appellant came over to the car and Flenoury asked him what he’d done to the automobile. The appellant denied being in the vehicle. Ceravalo told the *516 appellant that he had seen him in the car and the appellant said that Ceravalo hadn’t seen him in the car.
The appellant then began cursing. Cera-valo told someone to call the police. During this time, the appellant walked a distance away from the car and then came back. He continued arguing until the police arrived and took him into their custody.
I
During the voir dire of the jury venire, defense counsel asked potential juror James Morrow if he would be compelled to find the appellant guilty if the State proved he broke into the car, but did not prove that appellant had the intent to steal something. Morrow replied, “I think I would.” (R. 5). Defense counsel then asked that Morrow be challenged for cause. His request was denied.
After the jury had been struck, but prior to trial, defense counsel made it known to the court that he had mistakenly stricken Melvin Moore from the jury instead of Morrow, whom he had intended to strike. He then asked the trial judge to remove Morrow from the jury and replace him with Moore.
The State then informed the trial judge that Moore would have been its second strike but they did not strike him because defense counsel had already done so. The trial judge then removed Morrow from the jury and made Moore the alternate juror.
Now defense counsel is claiming that his challenge for cause as to juror Morrow should have been granted.
We fail to see how the appellant was injured by the trial judge’s denial of his challenge for cause as to Morrow. Morrow was, in fact, removed from the jury by the trial judge as requested by defense counsel. He did not serve as a juror during the appellant’s trial. Therefore, any error which may have occurred initially was harmless. Rule 45, A.R.A.P.
II
The appellant contends that the District Attorney systematically excluded blacks from the jury by using all of his peremptory strikes to remove blacks from the venire for which the jury was selected.
“The Constitution does not require ‘an examination of the prosecutor’s reason for the exercise of his challenge in any given case.’ Swain, 380 U.S. at 221, 85 S.Ct. at 836. The fact that a district attorney used all of his strikes to exclude blacks from the jury venire does not constitute proof that there was a systematic exclusion of blacks. McCray v. State, 395 So.2d 1057, 1059-60 (Ala.Cr.App.1980), cert. denied, 395 So.2d 1062 (Ala.1981); Carpenter v. State, 404 So.2d 89, 95 (Ala.Cr.App.1980), cert. quashed, 404 So.2d 100 (Ala.1981); Watts v. State, 53 Ala.App. 518, 301 So.2d 280 (1974). A presumption exists that the prosecutor is using his challenges to obtain a fair and impartial jury. This presumption is not overcome merely by showing that he used all his strikes to remove blacks from the jury. Swain, supra.”
Walker v. State, 428 So.2d 139 (Ala.Crim.App.1982).
The appellant has failed to offer any proof that the District Attorney used his peremptory strikes for reasons other than to obtain a fair and impartial jury. Therefore, we do not find that the appellant’s rights to a fair trial were violated by the State’s use of its peremptory strikes in this cause. Walker, supra; Cockrell v. State, 435 So.2d 189 (Ala.Crim.App.1983).
Furthermore, the United States Constitution does not require that a proportionate number of an accused’s own race sit on his trial jury. White v. State, 48 Ala.App. 111, 262 So.2d 313 (1972). Clisby v. State, [Ms. 6 Div. 792, November 26, 1985] (Ala.Crim.App.1985).
The appellant also claims that systematic exclusion of blacks from juries has long been the pattern and practice of the Jefferson County District Attorney’s office.
“The Supreme Court in Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) recognized that the *517 constitutional rights to equal protection may be infringed by the government’s deliberate and continued exclusion of blacks from a jury through the use of peremptory challenges.”
United States v. Brooks, 870 F.2d 148, 151 (11th Cir.1982), cert. denied, 457 U.S. 1124, 102 S.Ct. 2943, 73 L.Ed.2d 1339 (1982).
However, a defendant bears a heavy burden when he seeks to show systematic discrimination of constitutionally significant proportions. It is not enough to base such a constitutional claim on the facts of the single case presented to the court.’ Easter v. Estelle, 609 F.2d 756, 759 (5th Cir.1980). See United States v. Durham, supra [587 F.2d 799] at 801 [(5th Cir.1979) ].” Brooks, supra at 151.
Purposeful discrimination which results in the systematic exclusion of blacks from juries must be alleged and proved. Clisby, supra.
The appellant has not offered any proof that the Jefferson County District Attorney’s office has continually and deliberately excluded blacks from grand and petit juries. He only argues this based on a motion for mistrial. Thus, he has failed to meet his burden of proof. See Butler v. State, 285 Ala. 387, 232 So.2d 631 (1970); Williams v. State, 342 So.2d 1328 (Ala.1977); Hoppins v. State, 440 So.2d 1125 (Ala.Crim.App.1983).
The appellant also claims that the trial court failed to hold a hearing on his motion for a mistrial. This assertion is not supported by the record. (See R. 9-11). The trial court properly denied the appellant's motion for a mistrial. Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967).
Ill
The appellant alleges the trial court erred by failing to give his written requested jury charges. The appellant’s charges number 1, 2, 3, 4 and 6 dealt with reasonable doubt, burden of proof and intent. These matters were fairly and substantially covered by the trial judge’s oral charge to the jury. Therefore, no error occurred by his failure to give charges number 1, 2, 3, 4 and 6. Ala.Code § 12-16-13 (1975); Rule 14, Alabama Temporary Rules of Criminal Procedure; Allred, v. State, 390 So.2d 1109 (Ala.Crim.App.), cert. denied, 390 So.2d 1114 (Ala.1980).
Charge number 5 concerned lack of flight. As the trial judge stated, this charge was not supported by the evidence. There was evidence that the appellant walked away from the scene at one point and later decided to return. The trial judge, therefore, properly refused this charge.
After careful examination of the record, we find no error. This cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.