Jimmy Louis Love filed a petition for writ of error coram nobis seeking to set aside his conviction in Madison County. He was originally convicted of robbery in the first degree and sentenced to life imprisonment without parole as a habitual felony offender. After a hearing on the petition, the trial judge denied the coram nobis petition. Hence, this appeal.
 I
The appellant claims he received ineffective assistance of counsel because his trial counsel (1) failed to object to an all white jury, (2) failed to interview witnesses and prepare them for trial, (3) failed to timely issue subpoenas to the witnesses, (4) was disloyal and did not put "any kind of 'wholehearted interest' in the case." (Appellant's brief, p. 12).
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984), the United States Supreme Court set out a two-pronged analysis for reviewing ineffective assistance of counsel claims.
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
Strickland, supra at 2064.
The appellant's trial counsel testified at the hearing. He stated that he was unaware of any practice of systematic and continued exclusion of blacks from the juries in Madison County. A defendant is not entitled to a jury with proportionate number of jurors of his race. Thigpen v. State,49 Ala. App. 233, 270 So.2d 666 (1972). Therefore, unless trial counsel felt that blacks were being excluded from the appellant's jury for reasons other than the prosecutor's desire to obtain a fair and impartial jury, there was no reason to object to the composition of this jury.
The appellant's trial counsel said he met with the appellant on several occasions. The appellant gave him a list of witnesses. Trial counsel made every effort to contact those witnesses. Those whom he could contact he interviewed. The list of witnesses which the appellant gave him was composed of persons who were either character witnesses for the appellant or witnesses who would testify that they could not believe the victims under oath. The appellant did not give him the names of "alibi witnesses." Trial counsel further interviewed the victims in this case.
Trial counsel stated he issued five subpoenas three days before the trial began. He testified that most of the witnesses had already agreed to come to trial.
Prior to trial, there were attempts made to reach a plea bargain agreement. When trial counsel informed the appellant of the State's offer, the appellant expressed the opinion that he didn't feel trial counsel was doing an adequate job for him. Trial counsel told appellant that, if he wished to be represented by someone else, then he could get another lawyer. This does not indicate disloyalty to the appellant. Trial counsel was merely telling the appellant that he could have another lawyer appointed if he so desired.
Trial counsel testified that he spent over 24 hours outside of court on this case. He engaged in plea negotiations and informed the appellant of the State's offers. He interviewed witnesses, reviewed the State's file in this case and took photographs. Trial counsel discussed the case fully with the appellant including possible defenses.
The witnesses who appeared at trial had discussed their expected testimony with him. Trial counsel cross-examined the State's witnesses and made appropriate motions for judgment of acquittal and for a new trial. Trial counsel testified that he *Page 978 
did everything he could to adequately represent this appellant.
In view of this evidence, it is clear that the appellant has failed to prove to this court that his trial counsel's performance was deficient in any respect. Furthermore, even had we found counsel's performance deficient, the appellant has not demonstrated any prejudice as a result of his trial counsel's performance at this trial. Strickland, supra. II
The appellant contends the Habitual Felony Offender Act was applied to him in a discriminatory manner. This court in DeShazo v. City of Huntsville, 416 So.2d 1100 (Ala.Crim.App.), cert. denied, 416 So.2d 1100 (Ala. 1982) stated that,
 ". . . although no clear standards exist for quantum or type of proof sufficient to illustrate discriminatory enforcement of a statute or a municipal ordinance, three elements must generally be proved: selectivity in enforcement; selectivity that is intentional; and selectivity based upon some invidious or unjustifiable standard as race, religion or other arbitrary classification. It is insufficient merely to show that other violators have not been prosecuted, that there has been laxity in enforcement, or that there has been conscious exercise of some selectivity in enforcement. Starley v. City of Birmingham, 377 So.2d 1131 (Ala.Cr.App. 1979)."
De Shazo, supra at 1103.
The only evidence presented by the appellant in support of his contention is that other persons within the state system have not been sentenced under the provisions of the Habitual Felony Offender Act even though the Statute was applicable to them. Clearly, this evidence by itself is not sufficient to prove to this court that the Habitual Felony Offender Act is being discriminately enforced. The appellant has not shown us that any selectivity in the enforcement of this statute has been intentional or based upon an invidious standard. Thus, this contention must fail. Moreover, no specifics were alleged or proven at the hearing.
 III
The appellant contends that blacks were systematically excluded from his trial jury because the prosecutor struck all of the blacks from the jury through the use of his peremptory strikes. As the appellant concedes in brief, the fact that the State uses its peremptory strikes to exclude blacks from the jury does not constitute a showing of systematic and continued exclusion. Phillips v. State, 462 So.2d 981 (Ala.Crim.App. 1984); Walker v. State, 428 So.2d 139 (Ala.Crim.App. 1982);Averhart v. State, 488 So.2d 514 (Ala.Crim.App. 1986). Thus, the appellant has failed to prove to this court that the prosecutor used his peremptory strikes in a manner other than to obtain a fair and impartial jury. Thus, we find that this appellant was given a fair and impartial trial. The prosecutor's use of his peremptory strikes did not violate the appellant's rights. Swain v. Alabama, 380 U.S. 202,85 S.Ct. 824, 13 L.Ed.2d 759 (1965).
The appellant contends that the United States Supreme Court's decision in a case pending before that court, Batson v.Commonwealth, [Ms. 84-SC-733-MR, December 10, 1984], (Ky. 1984), cert. granted, 471 U.S. 1052, 105 S.Ct. 2111,85 L.Ed.2d 476 (1985) will be controlling in this case. While we agree that this case will have a bearing on this issue, a decision in that case has not been rendered at this time. Thus, we must rely on existing law.
 IV
The appellant asserts that he did not consent to the separation of the jury and that he was prejudiced by their separation. There being no prior objection, neither of these matters can be raised on appeal. Caldwell v. State,393 So.2d 499 (Ala.Crim.App. 1981); Pope v. State, 387 So.2d 300
(Ala.Crim.App. 1980). Thus, they cannot be raised in a petition for error coram nobis. *Page 979 
Furthermore, there is a presumption that an accused is not prejudiced by reason of the separation of the jury. Wright v.State, 57 Ala. App. 401, 328 So.2d 650 (1976). The only evidence of prejudice presented by the appellant is that there was publicity on the radio and in the newspaper. This is not sufficient evidence to rebut this presumption.
Further, the appellant contends that his trial counsel was ineffective because he failed to request that the jury be sequestered. The appellant stated that, when he asked his attorney about jury sequestration, he replied that he didn't think it was necessary. Certainly, this was a matter of trial strategy. In many instances, attorneys do not request sequestration of the jury because they believe that sequestering the jury might be more prejudicial to their clients than allowing them to separate. Thus, the trial counsel cannot be said to have rendered ineffective assistance on this ground.
 V
The appellant claims his sentence of life imprisonment is disproportionate to the crime. The appellant was convicted of robbery in the first degree. He had four prior felony convictions. He was properly sentenced under the Habitual Felony Offender Act. His sentence was not disproportionate to the offense he committed in light of the fact that he had these four previous felony convictions.
The appellant has filed a pro se brief in this case alleging that the record does not support the trial judge's denial of the petition. The issues raised at the hearing on the petition have been addressed by appellant's counsel in brief and have been decided adversely to the appellant by this court. The record clearly supports the trial judge's denial of the appellant's petition for writ of error coram nobis. Daniel v.State, 459 So.2d 948 (Ala. 1984); Haynes v. State,461 So.2d 869 (Ala.Crim.App. 1984); Browning v. State, 465 So.2d 1208
(Ala.Crim.App. 1985).
For the reasons shown, this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.