We granted certiorari in this case to determine whether the rule of Batson v. Kentucky, ___ U.S. ___, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), should be given retroactive application to collateral review of convictions *Page 980 
that became final prior to the release of the Batson decision.
Petitioner, Jimmy Louis Love, was convicted of robbery in the first degree and was sentenced to life imprisonment without parole. The Court of Criminal Appeals affirmed the conviction, and this Court denied Love's petition for a writ of certiorari.
Thereafter, Love filed a petition for a writ of error coram nobis in the circuit court. The court denied the petition, and the Court of Criminal Appeals affirmed. Petitioner then filed his pro se petition for a writ of certiorari in this Court, which we granted in order to decide the Batson issue.
Subsequent to our granting of the petition, the United States Supreme Court addressed this issue in Allen v. Hardy, ___ U.S. ___, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986). In Allen, the Court held that its decision in Batson should not be applied retroactively on collateral review of convictions that became final before Batson was announced.
We have not been presented with any compelling reasons why we should not hold likewise with respect to the Alabama Constitution. Therefore, we hold that the Batson decision should not be applied retroactively on collateral review of convictions that became final prior to its announcement. The judgment of the Court of Criminal Appeals, 507 So.2d 976, is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.