McMILLAN, Judge.
The appellant was found guilty of peiju-ry in the first degree, in violation of § 13A-10-101, Code of Alabama (1975). He was sentenced to ten years' imprisonment, with the sentence to be split so that three years would be served and seven years suspended, during which the appellant would be placed on supervised probation for a period of five years.
The appellant testified at a hearing on a motion for new trial following the murder trial of Eugene Moye. He testified at that hearing that the district attorney and his investigator walked into the jury room during the jury deliberations on the Eugene Moye case. He testified that the district attorney opened the door for someone carrying in soft drinks and was inside the room for less than a minute. He also testified that the investigator was in the room for two or three minutes. The present peijury charge arose out of that previous testimony of the appellant. During his trial for perjury, both the district attorney and his investigator denied having entered the jury’s room during the deliberations. Although the district attorney admitted that he walked up and down the corridor outside the jury room and may have sat next to the bailiff across from the room, he said he never actually walked into the jury room. Eight of the jurors who sat on the Eugene Moye trial testified that neither the district attorney nor his investigator ever entered the jury room during deliberations. The bailiff also so testified.
I
The appellant argues that the trial court erred by denying him a rebuttal hearing on the prosecutor’s use of his peremptory challenges of potential jurors. The record indicates that defense counsel’s objection to the prosecutor’s strikes was not made until after the jury was impanelled and sworn.
“[S]uch an objection is untimely if made after the jury has been sworn to hear the case. See Williams v. State, [Ms. 3 Div. 305, March 8, 1988] 530 So.2d 881 (Ala.Crim.App.1988), and the cases cited therein_ [I]n order to preserve the issue for appellate review, a Batson objection, in a case in which the death penalty has not been imposed, must be made prior to the jury’s being sworn. We *617 hold, therefore, that the defendant’s objection came too late in this case....”
In re Bell, 535 So.2d 210 (Ala.1988).
Because the appellant’s objection was untimely made, this matter is not preserved for our review.
II
The appellant argues that the trial court erred in instructing and allowing the jury to view the evidence scene, i.e., the corridor, unsupervised. The jury room and connecting corridor used in the deliberations of the appellant’s trial for perjury were the same facilities used in the trial of Eugene Moye. The appellant, as a witness in the hearing on Moye’s motion for new trial, testified that he saw the district attorney and his investigator enter the jury room during the deliberations by the jury. Defense counsel asked the judge to allow the jury to step out into the corridor with the trial judge. The trial judge responded that he was going to give the jury a break and would then allow them to observe the “crime scene.” No objection was raised by the appellant. When the trial court next gave the jury a break, he stated, “You might take a look down the hall and see what you can see down there. Don’t talk about this case though.” Again, no objection was made by defense counsel. Although the appellant now argues that it was error to allow the jury to view the scene without court supervision, no objection or adverse ruling appears in the record concerning the method in which the jury was allowed to view the scene. The appellant failed to properly preserve the alleged error for review. Williams v. State, 410 So.2d 911, 913 (Ala.Cr.App.1982), and cases cited therein.
III
The appellant argues that the trial court erred in denying his motion for judgment of acquittal based on his claim that the case brought against him was a selective, vindictive, and bad faith prosecution by the district attorney. The appellant argues that the district attorney’s testimony at trial proved that there are other people who have participated in the same activities as the appellant, who were not prosecuted for their actions. The appellant further argues that the decision to prosecute him was based on the district attorney’s feelings that he had been personally attacked. The only proof of the appellant’s claim lies in the district attorney’s testimony that it is quite common in a criminal trial for witnesses to contradict each other, so that “it is clear that one of these witnesses is either mistaken or lying.” The district attorney further testified that he had, however, prosecuted only a very few witnesses for perjury and admitted that such a prosecution was “an extraordinary situation.”
However, the appellant has failed to prove that he was subjected to a purposeful and intentional discrimination, violative of the Equal Protection Clause of the Fourteenth Amendment, by being prosecuted for perjury. Elmore v. State, 445 So.2d 943, 948 (Ala.Cr.App.1983); Starley v. City of Birmingham, 377 So.2d 1131 (Ala.Cr.App.), cert. denied, 377 So.2d 1134 (Ala.1979), cert. denied, 446 U.S. 956, 100 S.Ct. 2929, 64 L.Ed.2d 815 (1980).
“This court has previously held that, although no clear standards exist for quantum or type of proof sufficient to illustrate discriminatory enforcement of a statute or municipal ordinance, three elements must generally be proved: selectivity in enforcement; selectivity that is intentional; and selectivity based upon some invidious or unjustifiable standard such as race, religion, or other arbitrary classification. It is insufficient merely to show that other violators have not been prosecuted, that there has been laxity in enforcement, or that there has been conscious exercise of some selectivity in enforcement.”
DeShazo v. City of Huntsville, 416 So.2d 1100, 1103 (Ala.Cr.App.1982). See also Calhoun v. State, 530 So.2d 259, 264 (Ala.Cr.App.1988); Love v. State, 507 So.2d 976, 978 (Ala.Cr.App.1986), affirmed, Ex parte Love, 507 So.2d 979 (Ala.1987).
In Wayte v. United States, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985), the United States Supreme Court held that se *618 lective prosecution claims may appropriately be judged according to ordinary equal protection standards, which require the petitioner to show both that the passive enforcement policy had a discriminatory effect and that it was motivated by discriminatory purpose. The appellant has not shown that the policy of passive enforcement had a discriminatory effect, nor that the prosecution intended such a result. Wayte v. United States, supra, at 610, 105 S.Ct. at 1532.
“In our criminal justice system, the Government retains ‘broad discretion’ as to whom to prosecute. [Citations omitted.] ‘[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.’ Bordenkircher v. Hayes, 434 U.S. 357, 364 [98 S.Ct. 663, 668, 54 L.Ed.2d 604] (1978). This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution’s general deterrence value, the Government’s enforcement priorities, and the case’s relationship to the Government’s overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake.”
Wayte v. United States, supra, at 607, 105 S.Ct. at 1530. The district attorney in this case had a particular knowledge of the facts and circumstances relating to the appellant’s testimony as a witness in the previous trial. He concluded that the appellant’s testimony as a witness in the trial of Eugene Moye was not a result of a misunderstanding or a mistaken belief, but rather that his testimony was a deliberate lie. Further, the role of the deterrence factor in such a perjury case would surely vary greatly from case to case.
Because the appellant failed to meet his burden of proving that this action was a selective, vindictive, and bad faith prosecution, we find no error in the trial court’s denial of his motion for judgment of acquittal.
IV
The appellant argues that the trial court’s comments to the jury during the oral charge were improper. The appellant objected to the following comments made by the trial court:
“All our citizens, under the law, regardless of their previous records, are presumed to be innocent when brought into court and charged with the violation of the law, and that presumption of innocence clothes, defends and protects a Defendant. ...”
(Emphasis added.) Thereafter, in instructing the jury as to what they must believe beyond a reasonable doubt in order to find the appellant guilty of penury in the first degree, stated:
“That when he [the appellant] told that, he knew that he was lying, that he told it for the purpose of trying to help his friend, Eugene Moye, obtain a new trial, and that he did it deliberately and intentionally.”
Defense counsel objected to the trial court’s charge that regardless of “previous records” the defendant is presumed to be innocent. Defense counsel claims that it raised an inference that the appellant had a previous record, while there was no evidence of any prior record in the case. Defense counsel also objected, stating that there was no evidence, or if there was evidence, that it was a question of fact for the jury, as to whether the appellant was a friend of Eugene Moye. The trial court responded that he appreciated the objection and that, although he did not intend for his statements to have such inferences, he could see that they might and would correct them with the jury. The trial court thereafter instructed the jury as follows:
“One, when I was talking to you about the presumption of innocence, you’ll recall that I told you that under our constitution and laws, every citizen brought in the court charged with a violation of the law is presumed to be innocent, and I told you, I saw, no matter what his *619 record may have been in the past — he may have been convicted of eight or ten previous offenses — yet he’s brought into court charged with a new violation of law, that presumption of innocence clothes him, protects him, and it is a fact in this case, just as though it had been testified to from the witness stand.
“Now, the lawyers pointed out that by saying that to you, using that illustration, I might have given you the idea that the Defendant has some kind of previous record.
“If I did that, I assure you that it was unintentional. I just merely wanted to show you that it always protects anybody. I never saw this man until we started this trial, as far as I know, and I know absolutely nothing about his previous record.
“If he’s ever been convicted of anything, I don’t know it and I didn’t intend to convey to you the idea that he had some previous record.
“If any of you got that interpretation from what I said, please wipe it out of your mind.
“I was also reminded that in my instructions to you I referred to this Defendant as a friend of Eugene Moye, testifying for him on the motion for a new trial in Eugene Moye’s case.
“If I did that, I did not intend to, if that wasn’t a part of the record. I was certainly — under our law, I told you yesterday, the Court is not permitted to comment on the evidence or to tell the jury what the evidence is.
“You heard me on two or three occasions when the lawyers would object to something that the other lawyer said has not been part of the evidence, I would quickly tell them that I can’t tell you what the evidence is. I have to leave that up to the jury. It’s just the way our law is. And the judges have to abide by it.” •
The appellant argues that the trial court’s curative instructions compounded the prejudicial effect.
“ ‘It cannot be seriously contended that every expression of opinion by the court, during the progress of the trial, if erroneous, shall furnish ground for reversal.’ Lang v. State, 279 Ala. 169, 170, 182 So.2d 899 (1966). ‘While a particular remark by the trial judge may be open to question, in order for it to amount to the grossly improper error requiring reversal, it must have influenced the result of the case.’ Lokos v. State, 434 So.2d 818, 823 (Ala.Cr.App.1982), affirmed, Ex parte Lokos, 434 So.2d 831 (1983); McCovery v. State, 365 So.2d 358 (Ala.Cr.App.1978).”
Gamble v. State, 480 So.2d 38, 40-41 (Ala.Cr.App.1985).
Although the trial judge’s comments may have given improper and prejudicial inferences to the jury, the trial judge sufficiently cured any error by his subsequent instructions and explanations to the jury. See Gosha v. State, 442 So.2d 138, 143 (Ala.Cr.App.1983).
V
The appellant argues that the trial court erred in refusing two of his requested jury charges. The first charge concerned contradictory testimony and the jury’s duty to determine how to treat such testimony. The requested charge stated as follows:
“I charge you, ladies and gentlemen, the fact that some witnesses contradicted the assertions made by the defendant does not necessarily prove the defendant swore falsely. The truth of the testimony given by each witness is the sole responsibility of the jury. Smith v. State, [46 Ala.App. 157] 239 So.2d 230 (Ala.Crim.App.1970); Ala.Code, § 13A-10-105.”
A review of the trial court’s oral charge shows that the subject matter of the requested charge was thoroughly covered for the jury. Therefore it was properly refused. Miller v. State, 518 So.2d 801 (Ala.Cr.App.1987); Darby v. State, 516 So.2d 775 (Ala.Cr.App.), reversed on other grounds, 516 So.2d 786 (Ala.1985). The charge was also properly refused because it contained case and statutory citations. Bates v. State, 484 So.2d 1206 (Ala.Cr.App. *620 1986); Johnson v. State, 497 So.2d 600 (Ala.Cr.App.1986).
The trial court also refused to give the following charge requested by the appellant:
“I charge you, ladies and gentlemen, that in a prosecution for perjury, the falsity of a statement may not be established by uncorroborated testimony of a single witness. Id.”
While § 13A-10-105, Code of Alabama (1975), requires that, in a prosecution for perjury not based upon inconsistent statements, “the falsity of a statement may not be established by the uncorroborated testimony of a single witness,” in the present case the falsity of the appellant’s statement was established by the testimony of eight jurors from the Eugene Moye trial, the bailiff, the district attorney, and the district attorney’s investigator. Therefore, the requested charge was not based on the evidence presented and may only have confused the jury. “Where a portion of a requested charge is abstract and not applicable to the facts of the case, the entire charge is properly refused.” Yeager v. State, 500 So.2d 1260, 1267 (Ala.Cr.App.1986), citing Gaston v. State, 359 So.2d 1170 (Ala.Cr.App.1978). Moreover, the “Id”, contained in the requested charge presumably refers to the case cited in the preceding requested charge and could have confused the jury. “The refusal of a requested charge does not constitute error where the charge bears citation of authority.” Yeager v. State, supra, citing St. John v. State, 55 Ala.App. 95, 97-98, 313 So.2d 215, cert. denied, 294 Ala. 768, 313 So.2d 218 (1975).
VI
The appellant argues that he was subjected to an improper allocution by the court. He argues that the trial court did not interrogate him, before sentencing, as to whether he had anything to say as to why the sentence of the law should not be pronounced upon him. However, the record contains a minute entry on judgment and sentencing which states that the appellant was “asked if he had anything to say why judgment of conviction should not be pronounced and sentence of law imposed upon him” and that the appellant said nothing. Therefore, we find that the appellant was properly accorded his right of allocution prior to the court’s imposition of the sentence. Tidmore v. State, 436 So.2d 21, 23 (Ala.Cr.App.1983).
AFFIRMED.
All Judges concur except PATTERSON, J., concurring in result only.