Cunha *v.* City of New Bedford.

---

Brian R. Cunha *vs.* City of New Bedford & others.[1]

No. 97-P-1917.

Suffolk. March 18, 1999. - July 26, 1999.

Present: Warner, C.J., Smith, & Gillerman, JJ.

*Municipal Corporations,* By-laws and ordinances. *Zoning,* Accessory building or use, Home office. *Words,* "Incidental."

Where § 9-208 of the New Bedford zoning ordinance placed no express limitation on the number of persons employed by an attorney in a home office permitted as an accessory use in a residential district, the zoning board of appeals incorrectly upheld a cease and desist order prohibiting the attorney from using a portion of his home as an office, where the accessory use was not demonstrated to be more than incidental to the residential use of the property. [409-412]

Civil action commenced in the Land Court Department on March 20, 1995.

The case was heard by *Leon J. Lombardi,* J.

*Jeffrey S. Baker* for the plaintiff.

*Peter J. Thomas* for the defendants.

Warner, C.J. The plaintiff, an attorney, seeks to use the bottom floor of one of his three homes as a professional office. Further, he wishes to allow other attorneys in his employ occasionally to use the home office for the legal work of the plaintiff. A judge of the Land Court, after trial, held that the plaintiff was permitted to use the residence as a professional office and in doing so could employ as many "support staff" as reasonably necessary. However, the judge ruled also that other attorneys employed by the plaintiff could not use the home office. On appeal, the plaintiff claims that § 9-208 of the New Bedford zoning ordinance permits other attorneys to use his residence. In the alternative, the plaintiff claims that if the ordinance does not so provide, it is unconstitutional.

---

[1]The building commissioner of New Bedford, and the zoning board of appeals of New Bedford.

The Land Court judge found the following facts. Brian Cunha, the plaintiff, is an attorney licensed to practice law both in Massachusetts and in Rhode Island. On August 4, 1994, the plaintiff purchased a residence located at 172 Page Street in New Bedford. Number 172 Page Street is located within a "Residence A" district, as defined by § 9-208 of the New Bedford zoning ordinance. The plaintiff also has homes in Newport, Rhode Island, and in Quincy. The plaintiff resides at his Newport home from approximately May until October of each year. During the remainder of the year, he spends approximately one or two nights per week at his Quincy home, and the same amount of time at his New Bedford home; the record is unclear as to where the plaintiff resides the rest of the week during these months.

The plaintiff is the principal in his law firm and has offices, in addition to the subject of this dispute, in Fall River, and East Providence, Rhode Island. The plaintiff employs eight other attorneys and approximately seventeen support staff, all of whom have their offices in East Providence and Fall River. The plaintiff uses the New Bedford office primarily to interview clients who cannot or will not travel to Fall River. The New Bedford office is used for approximately four to five hours per week, and the only office equipment located there is a photocopier. The property is fully furnished as a residence.

After acquiring the property, the plaintiff began to perform renovations, which included an upgrade of the heating, plumbing, and electrical systems. Shortly thereafter, the building commissioner (commissioner) issued a cease and desist order, prohibiting the plaintiff from renovating the property and from using it as an office. Although the commissioner later retracted this order, he issued another cease and desist order prohibiting the plaintiff from using the property as an office. The plaintiff appealed to the zoning board of appeals, which upheld the order, finding that the plaintiff did not reside at the property, as required by the ordinance, and thus was not eligible to use the property as a home office.

The plaintiff then commenced an action in the Land Court, where a judge found that the plaintiff did reside at the property, and thus was eligible to use the property as a home office. However, the judge determined also that § 9-208(3) of the zoning ordinance permitted use of a home office by only one professional person, the resident. Therefore, the judge concluded that

attorneys employed by the plaintiff could not make use of the home office, and the plaintiff appealed.

Central to the Land Court judge's holding was a literal reading of § 9-208(3). That section states, in pertinent part, "[w]ithin any Residence 'A' district, . . . no building or premises shall be used . . . for industry, trade, manufacture, commerce, or for other than . . . (3) The office or studio of a . . . lawyer . . . or other professional person residing on the premises . . . ." The judge noted that the ordinance refers to the various enumerated professions in the singular (i.e., *a* lawyer, or other professional *person*), and thus decided that the ordinance permits only a single professional person to work at a home office in a Residence A district.

The Land Court judge further reasoned that this holding was consistent with the purpose of the ordinance, which he described as "to allow a person to conduct a professional business in his or her home where the business is of a type that will not disrupt the residential nature of the neighborhood."

Finally, in holding that, although the plaintiff would not be permitted the assistance of additional attorneys in the conduct of his home office, he could employ as many nonprofessional support staff as reasonably necessary, the Land Court judge cited *Framingham Clinic, Inc.* v. *Zoning Bd. of Appeals of Framingham*, 382 Mass. 283, 293 (1981), in which the court said, "absent some express limitation, the right to employ personnel . . . reasonably necessary to a particular professional use is implicit in the authorization to establish a professional office."

The defendants, including the commissioner, the city, and the zoning board of appeals, assert two grounds for upholding the judgment of the Land Court. First, the defendants cite to the first phrase of the language quoted from *Framingham Clinic, Inc.* ("absent some express limitation"), and argue that the ordinance does contain an express limitation in the form of both the singular language which the Land Court judge found determinative, and the phrase "residing on the premises." Therefore, the defendants argue, the ordinance permits only a single professional person residing on the premises to use the home office. Additionally, the defendants assert that while additional, nonresident attorneys may be necessary to the conduct of a *larger law firm*, such professional support is not necessary to the operation of the *home office* of a resident lawyer.

The defendants' first contention, regarding the singular language as an express limitation, is not convincing. The ordinance simply does not contain any specific numerical restriction. Although the singular form is used, the operative word in § 9-208(3) is not "lawyer," but, rather, "office." That is, the ordinance, generally speaking, states that no building may be used for business other than for the *office* of a lawyer living on the premises. The ordinance simply does not address the issue of what personnel, or how many, may assist in the conduct of that office. Contrast *DeShazo* v. *Huntsville*, 416 So. 2d 1100, 1102 (Ala. Crim. App. 1982) (zoning ordinance provided that accessory uses were to be "conducted only by one person resident in said business").

Also instructive is § 9-271, a more restrictive provision of the New Bedford zoning ordinance which governs so-called residence "AA" districts. That section, like § 9-208, contains a provision which explicitly permits the use of a residence for the office of a lawyer residing on the premises. However, § 9-271 contains a restriction that § 9-208 does not. Section 9-271 states that "not more than two (2) persons shall be employed who are not resident[s] on the premises." This final clause is precisely the sort of "express limitation" that *Framingham Clinic, Inc.*, *supra*, contemplates. Given that § 9-208 provides no such express limitation, the question becomes whether additional, subordinate attorneys are "personnel . . . reasonably necessary" to the particular professional use. 382 Mass. at 293.

This is an inquiry particular to the facts of each case. Here, the plaintiff uses his home office to interview clients who either cannot or will not travel to Fall River. At the same time, the plaintiff asserts that there are situations when the plaintiff cannot be present at the home office to meet with these clients. In such circumstances, subordinate attorneys are reasonably necessary for this purpose of the home office.

Moreover, there is no reason to distinguish subordinate attorneys from "nonprofessionals," and hold that the latter may be reasonably necessary, while the former may never be. The Land Court judge correctly found, and the defendants concede, that such support staff as a receptionist or janitor could be employed without violating the ordinance. See generally 2 Ziegler, Rathkopf's Law of Zoning and Planning § 23.04 (1998), and cases cited. Certainly, the office could continue to function in the absence of such nonprofessional employees; they are not,

strictly speaking, necessary. However, they may be said to be reasonably necessary in that, without their assistance, the functioning of the office would be significantly hindered. The situation is no different here with regard to the subordinate attorneys.[2]

Similarly, there is no reason to assume that occasional use of the office by a subordinate attorney will invariably cause a greater erosion to the residential character of the neighborhood than would use by a full-time secretary, a janitor, or some other nonprofessional person. The defendants are concerned that should subordinate attorneys be permitted to make use of the plaintiff's residence, there would be little limitation on how many other professionals and staff could use the property at some indeterminate future time.[3]

However, an accessory use, such as the home office in this case,[4] must remain "incidental" to the principal, i.e., residential, use of the property. See *Harvard* v. *Maxant*, 360 Mass. 432, 438 (1971); *Gallagher* v. *Board of Appeals of Acton*, 44 Mass. App. Ct. 906, 907 (1997); Rohan, Zoning and Land Use Controls § 40A.03[1] (1999) (purpose behind the incidental requirement is that "[s]o long as the commercial use is a secondary one . . . it will presumably not harm — or inflict only minimal harm upon — other residential users") (footnote omitted).[5]

"The word 'incidental' . . . 'means that the use must not be the primary use of the property but rather one which is subordinate and minor in significance.' " *Henry* v. *Board of Ap-*

---

[2]The cases from other jurisdictions to which the defendants cite are unpersuasive, in that none of those cases reached the question we address here.

[3]The defendants do not argue that the limited professional use for which the plaintiff had been using the residence has been detrimental to the community. Rather, as we have said, the defendants' fears are focused on the risk of future disruption caused by the potential for greatly expanded professional use.

[4]We point out that although use of the residence as a home office is specifically permitted by the ordinance, that professional use is not a primary use; it remains an accessory to the residential use. See generally Bobrowski, Massachusetts Land Use and Planning Law § 12.1 (1993).

[5]Generally speaking, an accessory use needs to be both customary and incidental. See *Harvard* v. *Maxant*, 360 Mass. at 438. Courts consider the question whether a particular use is customary where the zoning ordinance does not specify what *types* of uses are permitted. See note 4, *supra*. Here, there is no need to address the question of whether the accessory use is customary, since the "office . . . of a . . . lawyer" is explicitly permitted by the ordinance.

*peals of Dunstable*, 418 Mass. 841, 845 (1994), quoting from *Harvard* v. *Maxant*, 360 Mass. at 438 (citation omitted). See *Old Colony Council — Boy Scouts of America* v. *Zoning Bd. of Appeals of Plymouth*, 31 Mass. App. Ct. 46, 48 (1991) ("The ordinary lexical meaning of 'incidental' also connotes something minor or of lesser importance") (footnote omitted). Thus, in the present case, although the plaintiff and his associates may use his residence as a professional office, their aggregate use must remain "subordinate and minor in significance" to the plaintiff's use of the property as a residence. *Henry* v. *Board of Appeals of Dunstable*, 418 Mass. at 845.

According to the written findings of the Land Court judge, the total use of the home office was no more than four to five hours per week. By contrast, the plaintiff uses the home as a residence approximately two nights per week for about thirty weeks.[6] While an hour by hour comparison would be unwise, the clear disproportion between the principal use and the accessory use makes apparent that the use of the property as a professional office is incidental to the plaintiff's use of the property as a residence.

In future cases, it may be that the use of property as a home office will rise to a level where it is no longer subordinate and minor in significance to the use of the property as a residence. In such a case, it may well be within the discretion of the city to prohibit such inappropriate use.

In sum, that portion of the judgment which holds that attorneys employed by the plaintiff may not use the home office is struck, and the judgment, as so amended, is affirmed.[7]

*So ordered.*

---

[6]The Land Court judge deemed this use to be adequate to establish residency, for zoning purposes. The defendants do not challenge this finding on appeal, and we need not disturb it.

[7]Given our disposition of the case, we do not consider the plaintiff's constitutional claim.